## KROGER GROCERY & BAKING CO. *v.* LUTZ, ATTORNEY GENERAL OF INDIANA, ET AL.

No. 501.   Argued December 7, 1936.—Decided December 21, 1936.

Mr. *Robert S. Marx,* with whom *Messrs. Frank E. Wood* and *Harry Kasfir* were on the brief, for appellant.

Mr. *Philip Lutz, Jr.,* Attorney General of Indiana, *Mr. Joseph W. Hutchinson,* Assistant Attorney General, and *Mr. Urban C. Stover,* First Deputy Attorney General, were on the brief for appellees.

PER CURIAM.

Complainant brought this suit to restrain the enforcement of an order of the Milk Control Board of the State of Indiana, made June 12, 1936, fixing selling prices of milk in the Fort Wayne Marketing Area.   Upon the hearing by three judges (28 U. S. C. 380) of a motion for a preliminary injunction, the District Court dismissed the cause for the want of jurisdiction upon the ground that the requisite jurisdictional amount was not involved.   The court made the following findings:

"2. That complainant owns and operates a chain of grocery stores in and out of Indiana, forty-four (44) of

which are located in the City of Fort Wayne, and within a radius of seven (7) Miles thereof, and has invested in said stores in said Fort Wayne marketing area approximately Four Hundred Fifty Thousand ($450,000.00) Dollars, making an [*sic*] annual sales of approximately Two Million ($2,000,000.00) Dollars, of which said sales milk and dairy products amount to approximately Forty-five thousand ($45,000.00) Dollars. That the number of quarts of milk sold by said stores in one year period are less than 550,000 in said area, in that complainant's profits per quart on its milk sold are .00398. That complainant's total loss in profits for a one-year period on a complete loss of its milk business would be Two Thousand Eighty-nine ($2089.00) Dollars, on the basis of 550,000 quarts. That if complainant be required by Official Order No. 14 of the Milk Control Board of Indiana to sell its milk at a level price with other dairies and distributors in said territory, its loss in the sales of milk would not exceed twenty-five percent, and its loss in profits would not exceed Five Hundred ($500.00) Dollars.

"3. That on March 12th, 1935 Chapter 281 of the acts of the General Assembly of the State of Indiana, commonly known as the Milk Control Law, became effective, and that said Act expires by limitation on July 1st, 1937."

In granting a temporary stay pending appeal to this Court, the District Court found that the enforcement of the order would "cause immediate and irreparable injury to the business of the complainant."

In determining whether the requisite jurisdictional amount is in controversy, where it does not appear that the complainant is deprived of its license or is prevented by the regulation from prosecuting its business, the question is not the value or net worth of the business but the value of the right to be free from the regulation, and this may be measured by the loss, if any, that would follow the enforcement of the rule prescribed. *McNutt* v. *General Motors Acceptance Corp.*, 298 U. S. 178.

In order to support its contention, complainant seeks to capitalize its earnings and thus to arrive at the value of the part of the business affected by the order. But that basis of ascertaining a capital loss is not available to complainant here, as the statute, and with it the order, expire by limitation on July 1, 1937. The hurt by reason of the regulation does not appear to be greater than the loss sustained while the statute is in operation. The decree of the District Court is

*Affirmed.*

MR. JUSTICE STONE took no part in the consideration or decision of this case.