## CALVERT DISTILLING CO. v. BRANDON.

District Court, W. D. South Carolina,
Rock Hill Division.

Oct. 15, 1938.

Stephen Nettles, of Greenville, S. C., for plaintiff.

R. B. Hildebrand, of York, S. C., for defendant.

WYCHE, District Judge.

This is an action for a permanent injunction under the South Carolina Fair Trade Act (40 St. at Large of S.C. p. 301).

Plaintiff is a manufacturer of liquors, which it advertises and sells throughout the United States under its special labels, brands and trademarks. Defendant is a retail liquor dealer operating three retail liquor stores located respectively in Rock Hill, South Carolina, York, South Carolina, and Clover, South Carolina. Plaintiff alleges that it has established certain minimum retail prices for its various brands of liquors, and that the defendant has been cutting these prices to plaintiff's injury; and the relief sought by plaintiff is an injunction to enjoin defendant from selling plaintiff's various brands of liquors for less than the established minimum retail prices.

Plaintiff is a citizen of Maryland. Defendant is a citizen of South Carolina, residing at Rock Hill, in the Western District of South Carolina.

More than the jurisdictional amount is involved. The amount in controversy here is the value of the plaintiff's property right sought to be protected by injunction. Hunt v. New York Cotton Exchange, 205 U.S. 322, 27 S.Ct. 529, 51 L.Ed. 821; Packard v. Banton, 264 U.S. 140, 44 S.Ct. 257, 68 L.Ed. 596; Kroger Grocery Co. v. Lutz, 299 U.S. 300, 57 S.Ct. 215, 81 L.Ed. 251; Swan Island Club v. Ansell, 4 Cir., 51 F.2d 337.

The property right here involved is plaintiff's good will, as well as its actual losses by reason of defendant's price cutting. Del Monte Food Co. v. California Packing Corp., 9 Cir., 34 F.2d 774; Sun-Maid Raisin Growers v. Avis, D.C., 25 F.2d 303; Lambert v. Yellowley, 2 Cir., 4 F.2d 915.

Following the enactment of the South Carolina Fair Trade Act (40 St. at Large of South Carolina, p. 301) plaintiff entered into a uniform contract with most of the

retail dealers handling its liquors in the State, the essential paragraph of the contract reading as follows: "First: Retailer will not sell, advertise, or offer for sale within the State of South Carolina any beverages bearing the trade-mark, brand or name of the Owner, which the Retailer has purchased, or now has on hand, or which Retailer may hereafter purchase, below the minimum prices stipulated from time to time by Owner for sales to the public nor will he make any refunds, discounts, or concessions of any kind or character for the purpose of, or which will result in decreasing the said stipulated minimum prices, nor sell or offer to sell any of such beverages in combination with any other beverages at a single or joint price."

Defendant was one of a few retail dealers in his section of South Carolina who refused to sign the uniform contract.

Section 3 of the South Carolina Fair Trade Act provides: "§ 3. Unfair competition.—Wilfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any contract entered into pursuant to the provisions of this Act, whether the person so advertising, offering for sale or selling is or is not a party to such contract is unfair competition and is actionable at the suit of any person damaged thereby."

■ Although defendant did not sign plaintiff's uniform minimum price contract, he is none the less bound to observe plaintiff's minimum prices. Plaintiff having entered into the uniform price contract with some of the dealers, it is, by the terms of the statute, given the right to enforce those prices against any dealer, whether he is or is not a party to a price agreement.

Defendant does not question the correctness of any of the above conclusions. Nor does he deny that he has been advertising, offering for sale, and selling plaintiff's brands of liquors at cut prices. On the contrary, he admits it, and asserts his right to continue to sell plaintiff's brands at whatever prices he desires.

Defendant bases his right to do this on the alleged conduct of plaintiff which he maintains deprives plaintiff of the right, otherwise admitted, to enjoin him from price cutting. First, he says that the other retail dealers in the towns where he operates are cutting prices, and that it is unfair and inequitable to permit plaintiff to single him out while not proceeding against the others. And in this connection he further

says that the fact that plaintiff seeks to enjoin him and not the others proves plaintiff's lack of a bona fide desire to maintain its prices. Second, defendant contends that plaintiff permits its distributors to give varying discounts and allowances to retail dealers, and that such conduct is not consonant with a bona fide intent and attempt to maintain its prices. These two contentions will be discussed in their order.

■ Plaintiff called to the stand all of the retail dealers in Rock Hill other than defendant, being seven in number. Taking their testimony and the testimony of defendant as a whole, it shows that the defendant is the largest retailer among them; that he is a most aggressive competitor; that he is the outstanding price cutter; that when the attempt was made by these retailers to organize for the purpose of stopping price cutting their efforts were defeated by defendant's refusal to cooperate; and that these other retailers would quit price cutting if defendant would do so or was forced to do so. Such being the situation, it would be a harsh rule which required plaintiff to seek injunctions against all these dealers in order to obtain an injunction against defendant. Plaintiff contends, and the evidence lends strong support to the view, that if defendant is enjoined from price cutting, his competitors will be glad to maintain the established prices. Certainly it is no evidence of bad faith on plaintiff's part to single out the defendant under these circumstances, and to delay proceeding against his competitors until an injunction is obtained against him. If their sworn desire to desist from price cutting if defendant is made to desist turns out to be true, price cutting will have ceased in the vicinity and plaintiff will have accomplished its purpose without the necessity of bringing but the one suit.

■ In addition to fixing minimum retail prices for its liquors, plaintiff also, as part of the scheme of price maintenance, fixes the prices at which the distributor sells to the retailer, and these prices are published and known to the retailer. There is no evidence that plaintiff's distributors have varied from these prices except in two particulars. These prices are delivered prices on a cash basis. The retailer who hauls his purchases in his own truck from the distributor's warehouse to his own store is allowed thirty-five cents per case as drayage, and the retailer who buys in quantity lots is allowed a discount of three per cent.

At times the discount has been less, but the difference was slight. There is no evidence that at a given time the discount or drayage allowance has been different to different retailers. That is to say, every retailer doing his own hauling has received the same discount. Defendant does his own hauling and buys in quantities; and there is no evidence to show that plaintiff's distributors have discriminated against him or in his favor.

I have made Findings of Fact specially and stated separately my Conclusions of Law thereon, as required by Rule 52 of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, which will be filed herewith.

An appropriate order for judgment in accordance with the views herein expressed will be filed herewith, which order will provide also that defendant may apply at any time on due notice for a dissolution of the injunction which will be granted, on the ground that plaintiff is not in good faith maintaining its established prices.