## CARROLL v. SOMERVELL.
### No. 112.

Circuit Court of Appeals, Second Circuit.
Jan. 13, 1941.

Herman Rosenfeld, Arthur Garfield Hays, and Darwin J. Meserole, all of New York City, for complainant-appellant.

John T. Cahill, U. S. Atty., of New York City (Robert L. Werner and Edward J. Ennis, Asst. U. S. Attys., both of New York City, of counsel), for defendant-appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The complaint alleges that the complainant, a native-born American citizen, resident in New York City, received employment in the Works Projects Administration (hereinafter called WPA) in the City of New York, in October, 1939, and has since

been regularly employed as a senior clerk in WPA; that on June 23, 1940, the Senate and House of Representatives adopted a Joint Resolution extending the WPA until June 30, 1941, and providing in Section 15 (f), 15 U.S.C.A. §§ 721–728, that no part of the money appropriated should be available to pay any person who does not make affidavit that he is not a Communist and not a member of any Nazi Bund Organization, and providing in Section 17 (b) that no portion of the appropriation should be used to pay compensation to anyone who advocates, or who is a member of any organization that advocates, the overthrow of the Government of the United States. The complaint further alleged that the defendant-administrator of the local operating unit of WPA for the City of New York, on June 22, 1940, and before approval of the Joint Resolution by the President, illegally caused to be issued a form of affidavit providing among other things that the deponent should declare himself a citizen and not a Communist and not a member of any Nazi Bund Organization, and on June 25, 1940, illegally ordered the complainant, as a condition of employment, to sign the above form of affidavit. The complaint also alleged that the complainant in response to the question in the affidavit: "Are you a Communist?" said: "I am a member of the Communist Party of the U. S. A.", and that he was thereafter, and on June 26, 1940, dismissed from his employment on the Project by a notice saying: "separated—failure to sign form 608".

The complaint likewise alleged that the suit was of a civil nature arising under the Constitution and Laws of the United States, that Sections 15 (f) and 17 (b) were discriminatory and violated the Fifth Amendment, and that the amount in controversy exceeded $3,000 exclusive of interest and costs. It prayed that the foregoing subdivisions of Sections 15 and 17 be declared unconstitutional, that the defendant be enjoined from enforcing them, be ordered to restore the complainant to his employment, and that a court of three judges be convened.

Shortly after service of the complaint, complainant moved upon it, and upon affidavits, for a hearing before a court of three judges and for a preliminary injunction restraining the defendant from enforcing Sections 15 (f) and 17 (b) of the Emergency Relief Appropriation Act, fiscal year 1941, and directing the WPA Administrator to restore him to employment. The com-

plainant's affidavit stated that he was a member of the Communist Party but that neither he nor that party advocated the overthrow of the government; that the Emergency Relief Appropriation Act constituted an attempted invasion of his civil rights as a citizen which would result in damage to him in excess of $3,000, and that a preliminary injunction should issue because he had no means of support and would be irreparably injured by being deprived of a livelihood pending trial. The defendant filed an affidavit showing that any compensation which complainant could receive during the ensuing year as a WPA worker would amount at most to only $1,138.80 under the Congressional Appropriation which has been made. The complainant filed a replying affidavit alleging that his civil rights were involved and that they had a value in excess of $3,000.

The District Court denied the complainant's motion for an injunction pendente lite and also dismissed the bill for lack of jurisdiction because the matter in controversy did not exceed the value of $3,000. We think the decision was right and should be affirmed.

■ The appellant contends that Sections 15 (f) and 17 (b) of the Act in effect deprive him of "the right to enjoy the free exercise of his political and social opinions; the right to be in line for employment by the federal government; the right to stand on the same footing with other citizens." He says that his loss is not limited to wages which would have amounted to only $1,138.80 at most, even if he had been given employment during the entire period when Congressional appropriations for WPA workers would have been available. But he argues that he has suffered additional damages because of loss of civil rights which were worth more than the $3,000 necessary to give jurisdiction over suits arising "under the Constitution or laws of the United States." Title 28 U.S.C.A. § 41 (1).

We cannot adopt the above line of reasoning in a case where, as here, employment was only by the month. Even if further continued, it could not have been had as a matter of right beyond the fiscal year for which appropriations were made and would, under the circumstances, yield no more than $1,138.80. Were we to assume that the appellant had a right to obtain employment for the balance of the fiscal year and was wrongfully deprived of it, he clearly could have recovered nothing on that account except the equivalent of lost wages.

920

■ ■ There was no showing of any pecuniary damages other than loss of wages and if there was any greater loss it should have been established in order to sustain jurisdiction under Section 41 (1), as was held in Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423. See, also, McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; KVOS, Inc., v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183; Kroger Grocery & Baking Co. v. Lutz, 299 U.S. 300, 57 S.Ct. 215, 81 L.Ed. 251; Marcus Brown Holding Co. v. Pollak, D.C., 272 F. 137. Under the foregoing decisions the only loss occasioned by enforcement of Sections 15 (f) and 17 (b) was the value of the right to be free of the restraints caused by those subdivisions. Such freedom would have meant at most only a receipt of $1,138.80 more wages. The claim to damages for any loss of standing in the community not only was not established but the value of such a claim was entirely speculative and incapable of admeasurement. Hague v. C. I. O., 307 U.S. 496, 529, 59 S.Ct. 954, 83 L.Ed. 1423; Barry v. Mercein, 5 How. 103, 12 L.Ed. 70; Kurtz v. Moffitt, 115 U.S. 487, 6 S.Ct. 148, 29 L.Ed. 458.

■ The case is different from those where a citizen is deprived of the civil right of voting. Wiley v. Sinkler, 179 U.S. 58, 21 S.Ct. 17, 45 L.Ed. 84; Swafford v. Templeton, 185 U.S. 487, 22 S.Ct. 783, 46 L.Ed. 1005. The difficulty of proving the value of such a right has not been held to prevent a judge or jury from valuing it at a sum greater than $3,000 for the purpose of sustaining federal jurisdiction. 1 Moore Federal Practice 521; Rose Federal Jurisdiction, 4th Ed., § 210; Dobie on Federal Procedure 153. In suits based on deprivation of employment the amount in controversy seems to be limited to loss of wages. Columbian Insurance Co. v. Wheelright, 7 Wheat. 534, 5 L.Ed. 516. Unlike cases where the right to vote has been interfered with, damages not susceptible of pecuniary valuation though arising in connection with a discharge from employment, are not to be treated as items which may be taken into account in making up an aggregate claim of $3,000 in a suit against the government or its officers. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Kroger Grocery & Baking Co. v. Lutz, 299 U.S. 300, 57 S.Ct. 215, 81 L.Ed. 251.

As the amount required to give jurisdiction under Sec. 41 (1) was lacking, it is unnecessary to discuss the question whether Sections 15 (f) and 17 (b) failed to set forth proper standards of conduct or tended arbitrarily to deprive the complainant of his constitutional rights.

Order and decree affirmed, with costs.