**LANSDEN et al. v. HART, United States Attorney, et al.**

No. 9956.

United States Court of Appeals Seventh Circuit.

Feb. 13, 1950.

Rehearing Denied April 11, 1950.

Robert L. Lansden, David V. Lansden, Cairo, Ill., for appellant.

William W. Hart, U. S. Atty., Ernest R. McHale, Asst. U. S. Atty., East St. Louis, Ill., Ray M. Foreman, Asst. U. S. Atty., Danville, Ill., Ivan A. Elliott, Atty. Gen., Albert E. Hallett, Special Asst. to the Atty. Gen., Roger P. Marquis, A. Devitt Vanech, Asst. Atty. Gen., for appellees.

Before DUFFY, FINNEGAN and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiffs, who are land owners and hunting club owners and operators, seek to enjoin defendants, who are federal and State law enforcement officers, from enforcing the provisions of Presidential Proclamation 2748, 61 Stat. 1089, and a proclamation of the Governor of the State of Illinois, by which proclamations an area of approximately 20,000 acres in Alexander County, Illinois, was closed to the hunting of all species of wild geese in 1947.

The State of Illinois had established a game preserve at Horseshoe Lake in Alexander County, in an area where wild geese congregate in large numbers during the spring and fall migrations. On October 1, 1947, the President of the United States, pursuant to the authority of the Migratory Bird Treaty Act, 16 U.S.C.A. §§ 703–711, signed Proclamation 2748 which prohibited hunting of all species of wild geese in a designated area surrounding the State Game Preserve at Horseshoe Lake.[1]  At

1. Regulations under the Migratory Bird Treaty Act are issued annually. In 1946 the hunting of all Canada geese, Hutchins and cackling geese, white fronted geese and Ross' geese was prohibited in Illinois and ten other States located in the "Mississippi Flyway." In 1947 while hunting of geese was permitted between November 4 and December 3 under Proclamation 2739, 16 U.S.C.A. § 704 note, such hunting was prohibited in the designated area surrounding the Horseshoe

the same time a similar proclamation was signed by the Governor of Illinois.

A motion by plaintiffs for a preliminary injunction was denied, after a hearing, by the district court and on appeal this court affirmed, Lansden v. Hart, 7 Cir., 168 F. 2d 409 [2], saying, among other things, 168 F.2d at page 412: "No property rights of plaintiffs are involved in these proceedings inasmuch as no person has any property right in live migratory birds and the withdrawal of the privilege of hunting such birds by Federal and State Governments does not deprive anyone of a property right because no such right exists. Permission to hunt, given from time to time by the Federal and State regulations, is not a grant of property, but merely the grant of a privilege. Magner v. People, 97 Ill. 320; American Express Co. v. People, 133 Ill. 649, 24 N.E. 758, 9 L.R.A. 138, 23 Am.St.Rep. 641; Geer v. State of Connecticut, 161 U.S. 519, 16 S.Ct. 600, 40 L.Ed. 793. * * *"

After the return of the mandate of this court, defendants filed an amended motion to dismiss the complaint, listing fifteen grounds including, "The complaint does not state a cause of action." The district court granted the motion for dismissal, basing its decision on want of jurisdiction under 28 U.S.C.A. § 41(1), renumbered 28 U.S.C.A. § 1331, and also under the Administrative Procedure Act, 5 U.S.C.A. §§ 1001–1011, on the ground that plaintiffs were not entitled to a judicial review of Proclamation 2748 since they did not come within the category of "persons suffering legal wrong because of any agency action or as being adversely affected or aggrieved by such action within the meaning of any relevant statute." Plaintiffs appeal from the order granting the motion of dismissal.

In substance the complaint alleges that all of the plaintiffs, except John Lansden, are residents of Illinois, that each of them owns or leases one or more farms or hunting properties in the area surrounding Horseshoe Lake, that together the plaintiffs herein own or lease more than 10% of the lands affected by the proclamations hereinbefore described, that over a period of years plaintiffs have expended large sums of money in the development of facilities for the takng of migratory wild fowl, principally and almost exclusively geese, and that they have built up a prosperous business based upon daily fees from hunters. The complaint alleges as to all plaintiffs except the Stenzels that the value of the right to conduct the hunting business and the property and facilities of said various plaintiffs, together with the good will built up, exceed $3,000, and that Proclamation 2748 will cause a direct pecuniary loss to each of said plaintiffs in excess of $3,000 for the year 1947, and for each year thereafter.

Plaintiffs first argue that the district court had no right to consider the question of jurisdiction in connection with the motion to dismiss, and that on this appeal this court may not consider that question because the law of the case has been established that the district court did have jurisdiction. Plaintiff relies on the fact that when the district court was considering plaintiff's motion for a preliminary injunction, it filed findings of fact and conclusions of law, and that included in the latter was the statement that the court "has jurisdiction of this cause, and the parties hereto." Plaintiff states that on the prior appeal on the question of the issuance of a temporary injunction, by affirming the order of the lower court we necessarily agreed that the district court had jurisdiction of this cause.

The pro forma statement in the conclusions of law filed by the district court when the question of a temporary injunction was being considered in no way precluded that court from thereafter considering the question of jurisdiction when it was raised for the first time as a controverted matter. The question of jurisdic-

U.S.C.A. § 704 note (14 F.R. 4799), respectively.

2. Certiorari denied, 335 U.S. 858, 69 S.Ct. 132.

tion can be raised at any time. Rheinberger v. Security Life Ins. Co. of America, 7 Cir., 146 F.2d 680; Page v. Wright, 7 Cir., 116 F.2d 449. Likewise there is no merit in the contention that this court is precluded from considering the question, for it is our duty to examine the question of jurisdiction even though it may not have been raised by the parties. Treinies v. Sunshine Mining Co. et al., 308 U.S. 66, 70, 60 S.Ct. 44, 84 L.Ed. 85; Texas v. Florida, et al., 306 U.S. 398, 405, 59 S.Ct. 830, 83 L.Ed. 817. Furthermore, the doctrine of "law of the case" does not carry the same consequences as "res judicata." Connett, et al. v. City of Jerseyville, 7 Cir., 110 F.2d 1015, 1018. "Law of the case" is merely a rule of practice that courts generally will refuse to reopen what has been decided, but is not a limitation on their power. Messinger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152. On this appeal the question of jurisdiction has been raised, and we shall proceed to consider the arguments made in reference thereto.

■ The first ground of jurisdiction relied upon by plaintiffs is that the matter in controversy exceeds the sum or value of $3,000 and arises under the Constitution, laws and treaties of the United States. 28 U.S.C.A. § 1331. The district court held that this ground of jurisdiction failed because no property rights of plaintiffs are involved in these proceedings. The court may have been led into error by the previous statement of this court that no person has any property rights in live migratory birds. More accurately speaking, no person has any title to live migratory wild fowl. There may well be property rights in the facilities customarily used in the hunting and reducing to possession of wild migratory birds.

■ We are of the opinion the jurisdictional allegation in the complaint as to all of the plaintiffs except the two Stenzels was sufficient on a motion to dismiss. The complaint must be liberally construed in favor of the pleader, and it did allege the value of the right to hunt exceeded $3,000 if not restrained by Proclamation 2748.

In Gibbs v. Buck, 307 U.S. 66, at page 74, 59 S.Ct. 725 at page 730, 83 L.Ed. 1111, the court said: "* * * Under such circumstances, the issue on jurisdiction is the value of this right to conduct the business free of the prohibition of the statute. * * *"

In Packard v. Banton, 264 U.S. 140, at page 142, 44 S.Ct. 257, at page 258, 68 L.Ed. 596, where plaintiff was attempting to enjoin the enforcement of a State statute, the court said:

"* * * The object of the suit is to enjoin the enforcement of the statute, and it is the value of this object thus sought to be gained that determines the amount in dispute. * * *

"* * * the value of the right of appellant to carry on his business, freed from the restraint of the statute, exceeds the jurisdictional amount."

To the same effect: Buck v. Gallagher, 307 U.S. 95, 100, 59 S.Ct. 740, 83 L.Ed. 1128; McNutt, Governor of Indiana, et al. v. General Motors Acceptance Corp., 298 U.S. 178, 181, 56 S.Ct. 780, 80 L.Ed. 1135; Kroger Grocery and Baking Co. v. Lutz, Attorney General of Indiana, et al., 299 U.S. 300, 301, 57 S.Ct. 215, 81 L.Ed. 251; Healy, Chief of Police v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248.

■ We conclude that the trial court was in error, except as to the Stenzels, in basing the order of dismissal in part upon the failure of the complaint to allege jurisdiction under 28 U.S.C.A. § 1331.

All the plaintiffs herein claimed as an additional and independent ground of jurisdiction that they have a right to "judicial review" under Sec. 10 of the Administrative Procedure Act of June 11, 1946, 60 Stat. 237, 5 U.S.C.A. 1009. We agree with the district court that jurisdiction is not conferred by this statute. Sec. 10 of this act provides:

"Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion.

"Rights of review

"(a) Any person suffering legal wrong because of any agency action, or adversely

affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof."

■ It is our view that under the Migratory Bird Treaty Act of July 3, 1918, 40 Stat. 755, as amended, Secs. 703, 704[3], the agency action was committed to agency discretion. The administrative discretion, if reviewable at all, can be overturned only if it is "without adequate determining principle." United States v. Carmack, 329 U.S. 230, 243, 67 S.Ct. 252, 258, 91 L.Ed. 209. The complaint in the case at bar shows extraordinary effort by the agency to arrive at a fair and reasoned conclusion. It shows that many conferences and hearings were had, and that plaintiffs, among many others, were given an opportunity to present their views.

■■ All questions concerning the constitutional validity of the Migratory Bird Treaty Act having been resolved and the validity of its provisions having been upheld, State of Missouri v. Holland, United States Game Warden, 252 U.S. 416, 40 S. Ct. 382, 64 L.Ed. 641, 11 A.L.R. 984; Cochrane v. United States, 7 Cir., 92 F. 2d 623; Lansden v. Hart, 7 Cir., 168 F. 2d 409; Bailey, Manager of Back Bay Migratory Waterfowl Refuge, et al. v. Holland, 4 Cir., 126 F.2d 317, we hold, as we did on the former appeal in this case, Lansden v. Hart, supra, that Presidential Proclamation 2748 is valid, as representing a proper exercise of the unlimited and unreviewable discretion vested and reposed by the Act. Jurisdiction of the subject matter of this action under the Administrative Procedure Act, although alleged in the complaint, does not exist in fact or law.

■ As the complaint contains sufficient allegations of jurisdiction other than under the Administrative Procedure Act as to all plaintiffs except the Stenzels, we now consider whether under any theory the remaining plaintiffs might maintain this action. The motion to dismiss alleged among other grounds that the complaint did not state a cause of action. We consider this to be a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b), Federal Rules Civil Procedure, 28 U.S.C.A.

Much of what we have said in discussing plaintiffs' claim of jurisdiction under the Administrative Procedure Act is pertinent on the question of whether plaintiffs may recover upon any theory. In the

---

**3.** Sec. 703. Taking, killing, or possessing migratory birds unlawful

"Unless and except as permitted by regulations made as hereinafter provided in sections 703–710 of this title, it shall be unlawful at any time, by any means or in any manner, to pursue, hunt, take, capture, kill, attempt to take, capture, or kill, possess, offer for sale, sell, offer to barter, barter, offer to purchase, purchase, deliver for shipment, ship, export, import, cause to be shipped, exported, or imported, deliver for transportation, transport or cause to be transported, carry or cause to be carried, or receive for shipment, transportation, carriage, or export, any migratory bird, or any part, nest, or egg of any such birds, included in the terms of the conventions between the United States and Great Britain for the protection of migratory birds concluded August 16, 1916 (39 Stat. 1702), and the United States and the United Mexican States for the protection of migratory birds and game mammals concluded February 7, 1936.

"Sec. 704. Determination as to when and how migratory birds may be taken, killed, or possessed

"Subject to the provisions and in order to carry out the purposes of the conventions, referred to in section 703 of this title, the Secretary of the Interior is authorized and directed, from time to time, having due regard to the zones of temperature and to the distribution, abundance, economic value, breeding habits, and time and lines of migratory flight of such birds, to determine when, to what extent, if at all, and by what means, it is compatible with the terms of the conventions to allow hunting, taking, capture, killing, possession, sale, purchase, shipment, transportation, carriage, or export of any such bird, or any part, nest, or egg thereof, and to adopt suitable regulations permitting and governing the same, in accordance with such determinations, which regulations shall become effective when approved by the President." [Incorporated in Revised Criminal Code, 18 U.S.C.A. § 43].

United States, migratory wild fowl can be hunted only as permitted by regulations issued pursuant to the Migratory Bird Treaty Act, which act implements the conventions between the United States and Great Britain and the United States and the United Mexican States. As the act itself is constitutional and as the regulations for the 1947 season issued thereunder (Proclamation 2748) are in all respects legal and valid, it follows that the plaintiffs cannot possibly state a claim under any theory of law upon which relief can be granted.

The fact that plaintiffs have devoted real estate to, and developed other valuable facilities for, the hunting of migratory wild fowl has no bearing upon the point now under discussion. Under Secs. 703 and 704 of the Migratory Bird Treaty Act, no hunting of migratory wild fowl whatsoever is legal except as permitted under the regulations to be issued pursuant to said act. The larger purpose of saving geese from slaughter in the very limited area where they concentrate each year in such great numbers should prevail over the fact that the plaintiffs might enjoy profits if such hunting were permitted. At least regulations to that end are reasonable, rather than arbitrary.

We have not discussed the question raised that the issues now before us are moot in as much as Proclamation 2748 referred only to the 1947 hunting season, and Proclamations 2801 and 2848 applied to the 1948 and 1949 hunting seasons respectively, and that these seasons are now past. We are of the opinion that certain important fundamental questions were raised by this suit which should be settled at this time, rather than having other actions commenced during subsequent hunting seasons after the publication of regulations pertaining to hunting during such seasons, in order to decide such questions.

The order of the district court dismissing the complaint for lack of jurisdiction will be modified to show that the complaint is dismissed upon the merits as to all plaintiffs except the Stenzels. The portion of the order dismissing the complaint as to the Sten-

zels for want of jurisdiction may stand. As so modified, the order dismissing the complaint is affirmed, and the suit is remanded to the district court to enter judgment accordingly.