Kurt JOHNSON, et al., Plaintiffs,

v.

UNITED STATES DEPARTMENT OF INTERIOR and United States Fish and Wildlife Service, Defendants.

Civil Action No. 5:00CV–363–J.

United States District Court,
W.D. Kentucky,
Paducah Division.

April 2, 2001.

Martin W. Johnson, Lovett & Johnson, Benton, KY, for plaintiffs.

John E. Kuhn, Jr., AUSA, United States Attorney's Office, Louisville, KY, for defendants.

## MEMORANDUM OPINION

JOHNSTONE, Senior District Judge.

This is a case wherein Plaintiffs, Kurt Johnson, Monty Moss, Lynndy Moss, Steve Edwards, and Pamela Edwards, allege that Defendants, the United States Department of Interior and the United States Fish and Wildlife Service, violated their due process rights. This case is before the Court on Defendants' motion to dismiss Plaintiffs' complaint with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted (dkt.# 3). For the following reasons, Defendants' motion to dismiss (dkt.# 3) is granted.

## BACKGROUND

On November 23, 2000, four persons hunted upon private property in Marshall County adjacent to the Clarks River Wildlife Refuge. Three of those hunters are Plaintiffs in this action. The other two Plaintiffs were not hunting, but are the owners of the property.

That same day, agents of Defendant United States Fish and Wildlife Service conducted a field investigation upon the property. The agents formed an opinion and indicated to the hunters that they believed that the area where the hunters were hunting was a "baited area" as defined by 50 C.F.R. § 20.11(j). According to Plaintiffs, the agents also indicated to them that they would be cited for a violation of 16 U.S.C. § 704, which prohibits persons from hunting over a baited area.

Plaintiffs advised the agents that they had carefully followed the direction of farmers in the area in constructing the embankment and preparing for their hunt on this property. They further advised the agents that they were certain that the property would not be considered "baited" under the government's regulations.

Plaintiff Johnson requested that the agents point out those areas that they considered to be baited. The agents indicated the area behind a blind constructed by Plaintiffs and some distance away from the area that was being hunted as the baited area. These discussions and the area in question were videotaped by one of the Plaintiffs.

The agents advised Plaintiffs that because they had determined that the area being hunted was a baited area, Plaintiffs could not legally hunt on same for a period of ten days from that date. *See* 50 CFR § 20.11(j). Plaintiffs asked the agents to advise them what could be done to the area to permit them to continue to hunt the area for the next few days. The agents did not provide them any such information.

On November 24, 2000, Plaintiffs had the Marshall County Extension Agent view the property and the video tape they made on November 23, 2000. The extension agent was asked to provide his opinion regarding those methods employed by Plaintiffs in the construction of the embankment around the field, and whether those actions could be considered outside of a normal farming practice for this area.

Plaintiffs also checked with the local United States Department of Agriculture representative to see if the government's agents had discussed this matter with him. Plaintiffs were informed that the representative had not been consulted on this matter by any of the government's agents.

On November 29, 2000, because it appeared to Plaintiffs that the government's agents were acting arbitrarily to deny them the right to hunt the property for a ten day period, they filed this lawsuit in Marshall Circuit Court against Defendants. In their complaint, Plaintiffs assert that Defendants prohibited them from hunting for ten days following November 23, 2000. Plaintiffs argue that a ten day prohibition from hunting constitutes an unconstitutional deprivation of due process.

With the complaint, Plaintiffs filed a motion for a restraining order and an unsworn statement of a County Extension Agent stating that in his opinion, based upon an inspection of the area, the surface seed that he observed was within the range of normal farming practices. On November 29, 2000, Plaintiffs obtained an *ex parte* temporary restraining order from the Marshall Circuit Court. On December 7, 2000, Defendants removed this action to federal court.

## ANALYSIS

### Standard for Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

In considering such a motion, this Court must construe the complaint in a light most favorable to the plaintiffs and accept all of the plaintiffs' factual allegations as true. *Claybrook v. Birchwell*, 199 F.3d 350, 353 n. 1 (6th Cir.2000). A claim should not be dismissed unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *Id.* When an allegation is capable of more than one inference, it must be construed in favor of the plaintiffs. *Id.* However, a complaint that does not contain allegations sufficient to support a claim under *any* legal theory must be dismissed. *Id.* A court is not bound to accept the plaintiffs' alleged legal conclusions or unwarranted factual inferences. *Id.*

### Have Plaintiffs Stated a Due Process Claim?

■ Plaintiffs' complaint seeks to enjoin Defendants from enforcing the Migratory Bird Treaty Act and regulations promulgated thereunder, which prohibit persons from taking any migratory game bird over any baited area. *See* 16 U.S.C. § 704(b)(1); 50 CFR § 20.11(j). Plaintiffs claim that Defendants' enforcement of the Migratory Bird Treaty Act violates their "property rights ... without due process of law, in violation of the 14th Amendment of the United States Constitution." Dkt. # 1, ex. 1, ¶ 12.[1]

■ Before the Fifth Amendment's guarantee of due process attaches, the United States must be attempting to deprive a person of a protected interest. *Flatford v. Chater*, 93 F.3d 1296, 1303–04 (6th Cir.1996). "To sustain a procedural due process claim, a plaintiff must first demonstrate the existence of a protected liberty or property interest." *Joelson v. United States*, 86 F.3d 1413, 1420 (6th Cir.1996).

■ No property interest subject to due process protections is implicated in governmental regulation and control of the hunting of migratory birds. As early as 1935 the United States District Court for the Eastern District of Kentucky held:

In all of the cases referred to, the regulations dealt with property rights clearly protected by the 'due process clause' of the Constitution. No such right is involved here. The preservation of game and fish has always been treated as within the proper domain of the police power. The constitutional guaranty that no person shall be deprived of life, liberty, or property without due process of law does not limit, and was not intended to limit, governmental regulation and control of migratory birds in which no right to individual property exists. As Mr. Justice Holmes said, in the case of State of Missouri v. Holland: 'Wild birds are not in the possession of any one; and possession is the beginning of ownership.' Until actual capture has been effected, no property right is acquired by any person in migratory birds that for the moment are within the borders of a particular territory, but 'that yesterday had not arrived, tomorrow may be in another state and in a week a thousand miles away.' Hence, restrictions upon the privilege of hunting and killing migratory birds deprive no person of a property right which is within the protection of the Constitution.

---

1. Plaintiffs have asserted violations of the 14th Amendment to the United States Constitution. The 14th Amendment, however, is a limitation upon the powers of the several states and does not apply to the federal government. Presumably, Plaintiffs intended to invoke the due process clause of the 5th Amendment to the Constitution.

*Shouse v. Moore,* 11 F.Supp. 784, 787 (E.D.Ky.1935) (citations omitted).

Other courts have reached the same conclusion. In *Lansden v. Hart,* 168 F.2d 409 (7th Cir.1948), a suit for injunctive relief against federal and state authorities, the Court held:

> No property rights of plaintiffs are involved in these proceedings inasmuch as no person has any property right in live migratory birds and the withdrawal of the privilege of hunting such birds by Federal and State Governments does not deprive anyone of a property right because no such right exists. Permission to hunt, given from time to time by the Federal and State regulations, is not a grant of property, but merely the grant of a privilege.

*Lansden v. Hart,* 168 F.2d at 412.

Here, because Plaintiffs failed to demonstrate the existence of a protected liberty or property interest, Plaintiffs' due process claim must fail. Accordingly, Plaintiffs' complaint is dismissed with prejudice.

