**ARROW DISTILLERIES, Inc., v. ALEXANDER, Administrator of the Federal Alcohol Administration.**

Eq. No. 67526.

District Court of the United States for the District of Columbia.

Oct. 12, 1938.

Horace J. Donnelly, Jr., of Washington, D. C., for plaintiff.

David Pine, U. S. Atty., of Washington, D. C. (Thurman Arnold, Asst. Atty. Gen.,

and Berkeley W. Henderson, Sp. Asst. to Atty. Gen., of counsel), for defendant.

Before GRONER, Chief Justice of the United States Court of Appeals for the District of Columbia, and GORDON and ADKINS, District Judges.

ADKINS, District Judge.

The object of this bill is to enjoin the defendant as Administrator of the Federal Alcohol Administration from completing a proceeding instituted by him to determine whether certain basic permits held by plaintiff should be suspended. The bill alleges that the Federal Alcohol Administration Act, approved August 29, 1935, as amended, 27 U.S.C.A. § 201 et seq., is unconstitutional.

This hearing is upon the bill and exhibits, the rule to show cause and the return to the rule and exhibits.

Plaintiff is engaged in the State of Illinois in the business of distilling, rectifying, blending and bottling alcoholic beverages; in 1935 defendant, as administrator, issued to plaintiff a distiller's, a rectifier's, and a warehousing and bottling permit; on December 15, 1937, defendant as administrator made an order instituting proceedings for the suspension of the permits, specifying violations of the conditions as grounds therefor; the administrator appointed a hearing officer to hold hearings in the matter; testimony in support of the charges was completed on June 8, 1938; thereafter plaintiff gave testimony in June and July and the hearing was continued to July 19.

The order instituting the proceeding charges, among other things, ·that certain whiskies were falsely labeled as to age, coloring matter and type; that plaintiff had shipped into Iowa and Minnesota distilled spirits for use in violation of the laws of those States; and that plaintiff in violation of Section 3318, R.S.U.S., 26 U.S.C.A. §§ 1208, 1209, had made false entries in its books and·had failed to make other entries required by that statute to be kept.

Plaintiff's answer, filed February 10, 1938, denied all the charges, either categorically or by stating that it was without sufficient information to form a belief and calling for strict proof. The answer also alleged that the statute was invalid and the regulations promulgated thereunder were unreasonable and arbitrary. Thereafter plaintiff filed an amendment to the answer averring that a compromise had been effected with a duly authorized officer of the Government covering the alleged violations of Section 3318, R.S.U.S., 26 U.S.C.A. §§ 1208, 1209, and that the administrator therefore was without authority to proceed on the charges as to book entries. Apparently the compromise was effected after the filing of the original answer.

The Federal Alcohol Administration Act authorizes the administrator to issue basic permits to those engaged in distilling, rectifying or blending distilled spirits or warehousing or bottling the same; without such permits it is unlawful to engage in any such business. Sec. 3(b)(1), 27 U.S.C.A. § 203(b)(1).

A basic permit shall be conditioned upon compliance with Section 5, 27 U.S.C.A. § 205, relating to unfair competition and unlawful practices, and upon compliance with all Federal laws relating to distilled spirits (Section 4(d), 27 U.S.C.A. § 204(d). Section 5(e), 27 U.S.C.A. § 205(e), authorizes the administrator to prescribe such regulations as to marking, branding, labeling, size and fill of all containers as will prohibit deception of the consumer with respect to such products.

A basic permit shall be revoked by the administrator after due notice and opportunity for hearing if the administrator finds that the permittee has willfully violated any of the conditions of the permit (Section 4(e), 27 U.S.C.A. § 204(e). From any order suspending, revoking or annulling a permit, an appeal may be taken to the appropriate Circuit Court of Appeals or to the United States Court of Appeals for the District of Columbia; the court is given exclusive jurisdiction to affirm, modify or set aside such order in whole or in part, and the commencement of proceedings in the Court of Appeals shall, unless specifically ordered by the Court to the contrary, operate as a stay of the administrator's order (Section 4(h), 27 U.S.C.A. § 204(h).

No basic permit shall be suspended or revoked for a violation of Federal law if the violation has been compromised by an authorized officer of the government (Section 4(i), 27 U.S.C.A. § 204(i).

Regulations No. I Relating to the Issuance, Revocation, Suspension, and Annulment of Basic Permits provide that the administrator shall institute such proceedings whenever he has good reason to believe that the permittee has willfully violated any of the conditions thereof. The order shall specifically state the grounds on which it is based, and if the permittee so requests

a hearing shall be had (Art. III). Unless the administrator conducts the hearing in person a hearing officer is to be appointed for that purpose; witnesses are to be sworn and their testimony reported; oral and written arguments are authorized; and the hearing officer is to make findings of fact (Art. IV).

 It thus appears that the order instituting proceedings specifies violations of conditions of plaintiff's permits and that the hearing upon said order is still in progress. In that proceeding plaintiff has raised questions of law and fact; if there be an adverse decision plaintiff may at once appeal to the appropriate Court of Appeals and there raise all questions as to the constitutionality of the statute and to the validity of the proceedings now being conducted thereunder. Thus a complete administrative remedy is provided.

In Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638, the Supreme Court said—The long settled rule of judicial administration is. "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted" [page 463].

The statute involved in that case had been held constitutional in the earlier case of National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352, but the rule applies even though the question of constitutionality is undecided. See Federal Trade Comm. v. Claire Co., 274 U.S. 160, 174, 47 S.Ct. 553, 556, 71 L.Ed. 978; Clark v. Lindermann & Hoverson Co., 7 Cir., 88 F.2d 59; Heller Bros. Co. v. Lind, 66 App. D.C. 306, 86 F.2d 862; Newport News Shipbuilding & Dry Dock Co. v. Schauffler, 4 Cir., 91 F.2d 730; Id., 303 U.S. 54, 58 S.Ct. 466, 82 L.Ed. ——.

The foregoing cases also hold that loss of business due to the publicity incident to a proceeding of this kind is not such irreparable damage as will authorize the issuance of an injunction. Plaintiff alleges that the defendant's subordinates have circulated and will continue to circulate false accusations reflecting on plaintiff's honesty and integrity and charging it with violating various United States laws. On the day after the proceedings were instituted by defendant he gave to the press a short statement of the charges as made in the order. We think that neither this nor the various statements made by the trial attorney to newspaper reporters as indicated in Exhibit B to the bill take the case out of the general rule.

The application for an injunction pendente lite is denied and the rule to show cause is discharged.

GRONER, Chief Justice of the United States Court of Appeals for the District of Columbia, and GORDON, District Judge, concur.