## UNITED STATES v. CHILDS.
### No. 1290.

District Court, N. D. Georgia,
Atlanta Division.

Feb. 21, 1942.

Lawrence ·S. Camp, U. S. Atty., and J. Ellis Mundy and Pierre Howard, Asst.

U. S. Attys., all of Atlanta, Ga., for plaintiff.

Clint W. Hager and J. F. Kemp, both of Atlanta, Ga., for defendant.

RUSSELL, District Judge.

The United States Attorney for this District has filed a libel against a Ford Automobile, of the appraised value of $125, seeking to forfeit it under the terms of the Act of Congress of August 9, 1939, 49 U.S.C.A. § 781 et seq. The claimant of the car moved to dismiss the libel upon the grounds that the same sets out no cause of action against the described automobile; asserts nothing which precludes her as the innocent owner of the property from asserting her right to its return; or against the property or her as the innocent owner thereof. She prays for the libel to be dismissed and the automobile awarded to her.

■ Thus is presented the question of whether the allegations of the libel as plead, and admitted for the purpose of this decision upon the motion to dismiss, set forth legal grounds for the forfeiture of the automobile in question. The facts then, as alleged, establish the proper seizure of the car in question while being by John Henry Moore unlawfully used to transport, carry and convey a contraband article, to-wit: 5 grains of Morphine Sulphate, a narcotic drug, in, upon and by means of said automobile, and to conceal and possess the said contraband article upon the person of John Henry Moore, who was in the automobile and while the automobile was by John Henry Moore being used to facilitate the unlawful transportation, carriage, conveyance, concealment, receipt, possession, sale, bartering, exchange and giving away of the said 5 grains of Morphine Sulphate, which were possessed by Moore with the intent and purpose of selling and offering the same for sale in violation of the laws and regulations of the United States dealing with narcotic drugs not in pursuance of the written order form of the purchaser, and not in the course of professional practice of said Moore and, not in good faith to a patient of his, and not for the alleviation of pain and suffering of the person alleged to have purchased the narcotics, "but for the purpose only of satisfying the craving and desire" of the purchaser, or intended purchaser, for narcotic drugs. These facts establish violation of the Anti-Narcotic Act, and with other allegations of the libel, bring the case clearly within the terms

of the Supplemental Forfeiture Act of 1939, above cited. However, claimant argues that as applied to this case the Forfeiture Act is a police regulation not related to the collection of tax and therefore beyond the power of the National Congress. It is further assumed in argument that John Henry Moore is a physician. This is not alleged in the libel as an affirmative fact, but only that the sale was not in the course of his professional practice, and not in good faith to a bona fide patient of his. However, for the purpose of this decision it may be assumed that he is a registered physician. Relying chiefly upon the decision in Linder v. United States, 268 U.S. 5, 45 S.Ct. 446, 69 L.Ed. 819, 39 A.L.R. 229, claimant further contends that the court in this case cannot say as a matter of law that the 5 grains of morphine "dispensed by Dr. Moore was any violation of the Harrison Narcotic Act such as would authorize the condemnation of an automobile belonging to an innocent claimant."

■ It will be noted that the facts alleged take the case completely without the ruling in the Linder case, in that the sale, or intended sale, was expressly for the sole purpose of satisfying the craving and desire of the purchaser for narcotic drugs and any question of good faith or of furnishing the drug in the course of professional practice, is expressly negatived. Thus is shown a violation of the Anti-Narcotic Act. It is true that, as argued by the claimant, it is not expressly alleged that the morphine was not tax paid, and that in any event the amount of tax would be inconsequential. However, that the amount of the tax involved furnishes no test of the legality of the sale is so well established as to require no citation of authority. As stated in Bush v. United States, 5 Cir., 16 F.2d 709, 710, "in such case violation of the regulations imposed by the statute for the purpose of facilitating the collection of the tax is an offense, and it is not necessary to show that the United States was actually deprived of revenue." This statement is supported by numerous authorities, including the controlling Supreme Court decisions, which need not be repeated here.

The sale alleged was a violation of the statute heretofore established as constitutional when applied to the facts in question. See cases cited in Bush v. United States, supra.

■ Furthermore, the provisions of the Act of 1939, 49 U.S.C.A. § 781 et seq., would seem to be so reasonably related to the enforcement of the Anti-Narcotic Act as to give to the Act of 1939 the same constitutional validity established heretofore by judicial determination with reference to other provisions of the Anti-Narcotic Act and the regulations issued pursuant thereto. Thus there may be a forfeiture of liberty of person by imprisonment for violation of the Anti-Narcotic Act even in the absence of tax loss. It would certainly follow that the statute now under consideration likewise enacted to prevent evasion of the tax, constitutionally authorizes the forfeiture of property. The established Congressional power to provide for forfeiture of liberty in facilitating the collection of the tax certainly assumes and includes power of forfeiture of property for such purpose.

■ The provisions of the Supplemental Forfeiture Act of 1939 have a direct relation to the efficient collection of any tax imposed upon or in connection with the articles therein referred to as contraband. Clearly the transportation of contraband assists in the illegal sale or disposition of it. As concerns the claimant's plea that she is innocent, a sufficient reply is that the principal or forfeiture of property of even an innocent claimant where the same is used contrary to the terms of the statute and in violation thereof is too well established to require further comment. Claimant herself does not so contend except to assert that the statute as applied to the facts of this case is unconstitutional because a mere police regulation. For the reasons above stated this contention is not sustained.

The motion to dismiss is denied.