## UNITED STATES v. ONE (I) OLDSMOBILE SEDAN, etc.

### No. 487.

District Court, E. D. Louisiana, Baton Rouge Division.

Jan. 12, 1948.

N. E. Simoneaux, Asst. U. S. Atty., of New Orleans, for plaintiff.

John Fred Odom, of Baton Rouge, and Edmund E. Talbot, of New Orleans, for intervenor and claimant, Nick Cascio.

PORTERIE, District Judge.

We have the following facts stipulated:

1. Nick Cascio, the intervenor and claimant, is the owner of one Oldsmobile Sedan, 1946 Model, Motor No. 8-15192H, Serial No. 98-36887.

2. That if called as witnesses for claimant, Nick Cascio and Roy James Sistrunk would testify that on May 5, 1947, the said Nick Cascio, intervenor and claimant, left Dallas, Texas, in the above-described automobile; that he had with him as a passenger one Roy James Sistrunk who was sharing the expenses of the trip; that Nick Cascio, intervenor, and the said Roy James

Sistrunk were enroute to Miami, Florida; that they were merely on a vacation, and that they were not making the trip for the purpose of selling or trafficking in drugs or other nacrotics; that the said narcotics were in Roy James Sistrunk's suitcase in the trunk of the car; that Roy James Sistrunk is a drug addict, and was carrying the narcotics for his own personal use and not for sale or distribution.

3. The automobile was stopped by the Louisiana State Highway Police in East Baton Rouge Parish, and there was found in the trunk of the automobile at the time one suitcase owned by Roy James Sistrunk, which contained certain narcotics, to-wit, 845 hypodermic tablets of pantapon 1/3 grain which did not bear appropriate tax-paid internal revenue stamps thereon.

4. The narcotics were seized by the State Police officers and Roy James Sistrunk was charged by the Louisiana State authorities with the possession of the narcotics, and he is now serving a term in Louisiana State Penitentiary as a result of his plea of guilty to the possession of said narcotics; that a State charge was filed against the said Nick Cascio, which charge was abandoned by the State; that the automobile hereinabove described has been libeled by the United States under Section 782 of Title 49, United States Code Annotated, seeking the condemnation and forfeiture of the automobile mentioned herein; that Nick Cascio, owner of the automobile in question, has intervened in said libel proceeding, claiming ownership as an innocent person and challenging the Government's right of forfeiture on the grounds alleged in the intervention filed herein by the claimant.

5. Roy James Sistrunk is a narcotic addict; that the narcotics were in his, Roy James Sistrunk's suitcase and possession; that Nick Cascio, the claimant, if called as a witness in this matter, would testify that he had no knowledge of the presence of said narcotics in the said suitcase and that Roy James Sistrunk, if called as a witness, would testify that Nick Cascio, owner of the car, had no knowledge of the narcotics in the suitcase.

6. Roy James Sistrunk and Nick Cascio served time in Fort Leavenworth Peniten-

tiary in the year 1936 for a period of approximately nine months; that, however, they were merely fellow prisoners and were not serving time in connection with a joint crime nor were they serving time for offenses in connection with narcotics.

7. Roy James Sistrunk lived in the same apartment building with Nick Cascio, at Dallas, Texas, during part of the year 1946, which apartment building was operated by Roy James Sistrunk and his wife. (It is contended by the attorneys for claimant that this evidence of prior acquaintance, although it may be a fact, is irrelevant and not legally admissible evidence in a forfeiture proceeding of this kind.)

8. Not for the purpose of charging any offense, one 44 cal. S & W revolver, owned by Nick Cascio, was found in the automobile, and that one 32 cal. automatic pistol was found in Roy James Sistrunk's suitcase. The Government contends that this stipulation should be included for the purpose of showing the character of the men. This evidence, the attorneys for the claimant contend, is irrelevant and is of no legal evidentiary value in a forfeiture proceeding of this character.

9. Nick Cascio, when questioned by Narcotic Agent George O. Wilson, admitted he had knowledge that Sistrunk was at one time addicted to the use of narcotic drugs, but he believed that Sistrunk had been cured of his addiction.

10. Claimant, Nick Cascio, on July 26, 1943, began serving a five-year sentence in the Louisiana State Penitentiary at Angola, for simple burglary of a wholesale drug establishment in Shreveport, Louisiana, and was discharged from serving said sentence on November 10, 1945.

11. On March 6, 1939, Roy James Sistrunk began serving a three-year sentence at Fort Leavenworth, Kansas, after being convicted of selling narcotics and that he was conditionally released from said sentence on June 12, 1941.

12. The vendor of said Roy James Sistrunk had sold and delivered said narcotic drug to him and the said Roy James Sistrunk had purchased and obtained said narcotic drug from his vendor in an unlawful manner and not as provided for in any of the exceptions or exemptions contained in Section 2554 of Title 26 U.S.C.A. Int.Rev. Code.

13. The addict Roy James Sistrunk was driving the automobile in question, when he and Cascio were arrested by Louisiana State Police officers.

Intervenor attacks the constitutionality of the provisions of Secs. 781 and 782, Title 49 U.S.C.A., Secs. 1 and 2, 53 Stat. 1291.

■ We do not sustain; granting that the facts above prove the innocence of and want of knowledge in intervenor Cascio, we allow the prayer of libelant for a decree of forfeiture of the automobile. United States v. Childs, D.C. Ga., 1942, 43 F.Supp. 776; United States v. One 1940 Packard Coupe, D.C. Mass. 1941, 36 F.Supp. 788.

Now, in case that on appeal it was to be held that want of knowledge on the part of the intervenor, the owner of the automobile, that there were 845 hypodermic tablets of pantapon ⅓ grain in the suitcase of Sistrunk, the copassenger, would defeat the prayer of libelant under the statute, then it behooves us to make a final judgment, so that the appellate court need not send the case down for further consideration.

Did Cascio have knowledge or not?

We are presented with (a) a set of circumstantial facts; (b) the question as to the belief or disbelief of certain witnesses, and, then, (c) whether or not, though a number of circumstances point to Cascio's knowledge, there is still left a reasonable hypothesis pointing to his innocence; that is, that no knowledge was in him.

The facts pointing to Cascio's knowledge are: 1. The acquaintance of the two (ripening later in friendship, living and traveling together) for nine months at the penitentiary some ten years ago; 2. the living together in the same apartment building of the two, at Dallas, Texas; 3. their joint trip from Dallas to Miami, each with a pistol, and interchanging in the work of driving; 4. the intervenor rented an apartment from Sistrunk; 5. the knowledge of Cascio that Sistrunk was at one time an addict.

We do not believe the exculpatory evidence given by either Sistrunk or Cascio.

As to Cascio, we have to consider his direct interest in the case; as to both parties, the fact that both served time on felonies affects materially their credibility.

The above circumstances all tend to prove the knowledge in Cascio and, in our opinion, does exclude the hypothesis that Cascio was not with knowledge, for such is not reasonable to infer.

It is true that in the case of United States v. One Haynes Automobile et al., D.C., 290 F. 399, cited by intervenor, one taking passengers for hire was not required to search the baggage of a passenger for illicit liquor or unstamped drugs, but in the instant case there is no such hire and the relation between the two parties is much different. We believe intervenor knew of the tablets in the suitcase. Nevertheless, this very case, at page 399, says: "It has long been held that the innocence of any fraud on the part of the owner will not relieve him from a forfeiture, if he has consented to the use of the vehicle by the party violating the law." Sistrunk drove the car at times. We are applying here the doctrine of United States v. One 1936 Model Ford Coach, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249. We conclude, as a matter of fact, that Cascio, the intervenor, knew that the 845 hypodermic tablets were in Sistrunk's suitcase.

Accordingly, again, we have to grant libelant's prayer. Let judgment be prepared accordingly.