## SMITH v. DULDNER.

No. 10825.

United States Court of Appeals
Sixth Circuit.

July 5, 1949.

E. F. Woodle, Cleveland, Ohio (Woodle & Wachtel, and Edwin F. Woodle, Cleveland, Ohio, on the brief), for appellant.

William A. Moran, Washington, D. C. (Ed Dupree, Hugo V. Prucha, William A. Moran, Washington, D. C., Paul Marshall, Cleveland, Ohio and Sanford S. Sims, Cleveland, Ohio, on the brief), for appellee.

Before SIMONS, McALLISTER, and MILLER, Circuit Judges.

PER CURIAM.

Appellant operates a rooming house containing approximately twenty rental units. On November 3, 1947, acting under the Housing and Rent Act of 1947, 50 U.S.C.A. Appendix, § 1881 et seq., the Area Rent Director gave appellant notice that he proposed to reduce the maximum rents for the rooming house units, and appellant filed objection to such action. Thereafter, the Area Rent Director issued an order reducing the rents of the units in question to what he considered were the maximum rents for comparable housing accommodations. Appellant then filed a petition in the district court, praying that the Area Rent Director be enjoined from enforcing the order reducing rents. The petition was denied by the district court on the ground, among others, that a proceeding in equity for an injunction could not be maintained when the party seeking the injunction had an adequate remedy at law; that under Rent Procedural Regulation No 1, issued by the Housing Expediter, appellant was entitled to review of and appeal from the order of the Area Rent Director; and that at the time the petition for injunction was filed, such remedy at law must be presumed to be adequate.

■ Proceedings in equity for an injunction can not be maintained where the complaining party has a plain, adequate, and complete remedy at law, and, generally, where an administrative remedy is provided by statute, it is such an adequate legal remedy as bars injunctive relief. The Housing and Rent Act of 1947 provides that the Housing Expediter shall, by regulation or order, make such adjustment in maximum rents as may be necessary to correct inequities, and that he may issue such orders as he deems necessary to carry out the policy of rent control enunciated by Congress in the Act. Furthermore, in Rent Procedural Regulation No. 1, an orderly procedure is prescribed for the Rent Control authority in making the various kinds of determination in connection with the establishment of maximum rents. For a landlord aggrieved by a determination there is provided the right of administrative appeal from the Rent Director to the Regional Rent Administrator and from him, to the Housing Expediter. Appellant never attempted to avail herself of these administrative remedies. She argues that the procedure provided under the Act and the regulations adopted thereunder do not satisfy the requirements of due process of law, and are invalid and unconstitutional, in that under the Act and the regulations, two essential requirements of due process are lacking, namely, the right to compel the

attendance of witnesses and the production of documents, and the right to cross examine witnesses.

 The rule, however, as to the exhaustion of administrative remedies applies just as forcibly when, as here, the contention is made that the regulations, in not providing for the right to compel attendance of witnesses, and the right of cross examination, are invalid and unconstitutional. Appellant's claim that the order of the Area Rent Director is concerned with her constitutional rights and deprives her of due process of law, does not relieve her of the necessity of exhausting the administrative remedies which are afforded to her under the regulations of the Expediter and the Housing and Rent Act of 1947. See Bourjois v. Chapman, 301 U.S. 183, 185, 57 S.Ct. 691, 81 L.Ed. 1027; Independent Warehouse v. Scheele, 331 U.S. 70, 67 S.Ct. 1062, 91 L.Ed. 1346; Gates v. Woods, 4 Cir., 169 F.2d 440; Koster v. Turchi, 3 Cir., 173 F.2d 605. In the absence of any proceedings before the Expediter, there is no reason to conclude that he would fail in his performance of any duty imposed on him by the Constitution and laws of the United States; nor can it be assumed that if petitioner had applied to the Expediter, she would not have secured all the relief to which she was entitled. Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834. Courts will not usually anticipate a question of constitutional law in advance of the necessity of deciding it. Liverpool, N. Y. & P. S. S. Co. v. Commissioners of Emigration, 113 U.S. 33, 58 S.Ct. 352, 28 L.Ed. 899; Gundling v. Chicago, 177 U.S. 183, 20 S.Ct. 633, 44 L. Ed. 725.

██ Where a party has not resorted to the procedure prescribed by Congress in rent control laws, he can excuse his failure to do so, and can show a denial of constitutional right, only by showing that that procedure is incapable of affording him due process of law; and in the absence of any application to the Administrator, it can not be assumed that he will deny due process to any applicant. Moreover, the Emergency Court of Appeals, and the Supreme Court upon certiorari, have full power to correct any denial of due process of other procedural error that will occur in a particular case. Yakus v. United States, supra. As to other questions of due process in matters of federal emergency rent and price control, see Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892.

██ Appellant refers to the language of the Supreme Court in the Yakus case [321 U.S. 414, 64 S.Ct. 672], to the effect that "Only if we could say in advance of resort to the statutory procedure that it is incapable of affording due process to petitioners could we conclude that they have shown any legal excuse for their failure to resort to it or that their constitutional rights have been or will be infringed." Appellant concludes this court is obliged to find, from a consideration of the law and the procedural regulations, that the law and the regulation are incapable of affording due process to petitioner. We find no merit in this contention. The regulation, in carrying out the objectives of the Act, is designed for the purpose of affording appellant a plain, adequate, and complete remedy at law for the rights she relies upon. Until she has availed herself of these administrative remedies and been deprived of rights guaranteed her under the constitution, it can not be said she has been denied due process. Since appellant did not exhaust her administrative remedies, her petition for an injunction was properly denied, and her complaint dismissed. Determination of other questions raised in the arguments is unnecessary to decision.

The judgment of the district court is, accordingly, affirmed.