107 F.Supp. 501 (1952)
MORGAN
v.
UNITED STATES et al.
SCHMID
v.
UNITED STATES et al.
Civ. A. Nos. 2321, 2322.
United States District Court W. D. Kentucky, at Louisville.
October 2, 1952.
*502 James Patrick Meagher, Louisville, Ky., for plaintiffs.
David C. Walls, U. S. Atty., Charles F. Wood, Asst. U. S. Atty., Norris W. Reigler, Asst. U. S. Atty., Louisville, Ky., for defendant.
Before MILLER, Circuit Judge, and FORD and SWINFORD, District Judges.
MILLER, Circuit Judge.
These two actions were instituted by Reed Morgan and Carl W. Schmid, Sr., the respective plaintiffs therein, to obtain the return of certain slot machines owned by them and seized by agents of the Federal Bureau of Investigation in Louisville, Kentucky, on January 18, 1952. Following the seizure, the machines were turned over to defendant L. E. Cranor, United States Marshal for the Western District of Kentucky, who has had possession of them since that time. The original petitions named the United States of America as the only defendant, but by amended petitions, the United States Marshal, the Attorney General of the United States, the Director of the Federal Bureau of Investigation, and numerous State, County and City officials were made parties defendant. Motions to dismiss were filed on behalf of the Federal, State, County and City officials.
The amended petitions state that on January 18, 1952 in Louisville, Kentucky, agents of the Federal Bureau of Investigation, in violation of the plaintiffs' constitutional and legal rights, and in the absence of a warrant or other legal process, searched the premises of each petitioner and seized the slot machines referred to therein, which were thereafter delivered to the United States Marshal, who threatens to forfeit and destroy them; that unless the Marshal is enjoined from doing so the machines will be destroyed by him to the irreparable damage of the plaintiffs; that the machines were not being used in violation of any law; that the petitioners are not "dealers" within the purview of Public Law 906, 81st Congress, referred to as the Johnson Act, § 1171 et seq., Title 15 U.S.C.A., or persons described by that Act; and that the machines were "not mala prohibitive" by the Act nor "mala per se." By Paragraph 2, the amended petitions allege that the seizure of the property was pursuant to the terms of a law, namely the Johnson Act, that is unconstitutional, in that it invades the police power of the several states in violation of the Tenth Amendment of the United States Constitution, and fails to come within the delegated powers of the United States in violation of Article 1, Section 8 of the Constitution.
The plaintiffs seek an injunction against the defendants based on the unconstitutionality of the Act and asked that a three-Judge Court be created for that purpose pursuant to § 2284, Title 28, U.S.Code; that the Act be declared unconstitutional; that in event the Act be found to be constitutional the District Court adjudge that the Act does not apply to the property seized; that, in either event, the machines be restored to their respective owners; and that if they can not be returned the plaintiffs be awarded compensation for their value. The present three-Judge Court was duly convened and heard arguments on the motions to dismiss. The Court was of the opinion that the motions of the various Federal, State, County and City officials, with the exception of the United States Marshal, did not present *503 a matter within the jurisdiction of the three-judge Court and remanded said motions to the District Judge for the Western District of Kentucky for decision and disposition. The District Judge thereupon sustained said motions. The Court took under submission the motions of the United States Marshal, the remaining defendant in the case, to dismiss the actions as to him, for the purpose of considering its jurisdiction to pass on the motions, and the constitutionality of the statute, if jurisdiction existed.
The Johnson Act makes it unlawful knowingly to transport any gambling device in interstate commerce, with certain exceptions, and requires every manufacturer of and dealer in gambling devices to register with the Attorney General and to file monthly thereafter an inventory and record of all sales and deliveries. Slot machines are designated as gambling devices. § 7 of the Act, § 1177, Title 15 U.S.C.A., provides that any slot machine possessed or used in violation of the provisions of the Act shall be seized and forfeited to the United States, and that the provisions of law relating to the seizure and forfeiture of vessels, vehicles, merchandise and baggage for violation of the customs laws, the disposition of such property or proceeds from its sale, the remission or mitigation of such forfeitures, and the compromise of claims shall apply to the seizures and forfeitures incurred under the provisions of the Act insofar as applicable. These sections of the law provide that when such property is seized under the provisions of the customs laws it shall be placed in the custody of the Collector, who shall have the property appraised; that if the value of such property does not exceed $1,000 he shall cause a notice of the seizure and intention to forfeit and sell the same to be published for at least three successive weeks; that any person claiming such property may within twenty days from the date of the first publication of the notice file with the Collector a claim stating his interest therein, and upon the giving of a bond in the sum of $250 with approved sureties, the Collector shall transmit such claim to the United States Attorney for the District in which the seizure was made, who shall proceed to the condemnation of the property in the manner prescribed by law; and that if no such claim is filed or bond given within the twenty days specified, the Collector shall declare the property forfeited and shall sell the same at public auction, or otherwise dispose of it according to law. §§ 1605 through 1609, Title 19 U.S.C.A. As authorized by § 7 of the Johnson Act, the Attorney General designated the U.S. Marshal to perform the duties under the Act otherwise imposed upon the Collector. Order No. 4173, April 16, 1951, 16 F.R. 3509.
The Marshal contends that the actions should be dismissed because of the failure of the plaintiffs to exhaust their administrative remedies before filing the present actions. He has filed in support of his motions to dismiss his affidavit which states that the machines seized by the Federal Bureau of Investigation were delivered into his custody to be held for forfeiture and condemnation in accordance with the provisions of the Johnson Act; that he had the property appraised according to law; that the slot machines were valued at from $1 to $75 each; that under authority vested in him by Order No. 4173, he caused the slot machines to be advertised as required by the statute which advertisement called upon any person desiring to claim any machine to appear and file written claim with bond in default of which said machine would be forfeited; and that neither of the plaintiffs herein has filed with him the necessary claim and bond. The affidavit has not been controverted. The amended petitions state that the Marshal caused the machines to be advertised, and called upon the plaintiffs to post bond in order to prevent the forfeiture and destruction of the machines, but that the plaintiffs have not complied in whole or in part with the published notice. This threat of forfeiture is made the basis for the injunctive relief requested.
The case being one in which the constitutionality of an Act of Congress is challenged and in which an injunction is asked restraining the enforcement of an Act of Congress on the ground of its unconstitutionality, a three-Judge Court was *504 rightly convened. § 2282, Title 28 U.S.C.A. Coffman v. Breeze Corporations, 323 U.S. 316, 317, 65 S.Ct. 298, 89 L.Ed. 264. The Court has jurisdiction to decide the questions of local law involved, as well as the constitutional question. Sterling v. Constantin, 287 U.S. 378, 393-394, 53 S.Ct. 190, 77 L.Ed. 375; Railroad Commission of California v. Pacific Gas & Electric Co., 302 U.S. 388, 391, 58 S.Ct. 334, 82 L.Ed. 319.
The motions to dismiss raise for our consideration both the constitutional question and the nonconstitutional question. State of Oklahoma ex rel. Phillips v. Guy F. Atkinson Co., D.C., 37 F.Supp. 93, 96, and cases there cited, affirmed 313 U.S. 508, 61 S.Ct. 1050, 85 L.Ed. 1487; Kroger Grocery & Baking Co. v. Lutz, 299 U.S. 300, 57 S.Ct. 215, 81 L.Ed. 251; Coffman v. Breeze Corporations Inc., supra, 323 U.S. 316, 65 S.Ct. 298; Mine Safety Appliances Co. v. Forrestal, 326 U.S. 371, 694, 66 S.Ct. 219, 90 L.Ed. 140; Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796. Under the well settled rule, if the case can be disposed of on the nonconstitutional issue without a ruling on the constitutional issue involved, a ruling on the constitutional issue should be avoided. Spector Motor Service v. McLaughlin, 323 U.S. 101, 105, 65 S.Ct. 152, 89 L.Ed. 101; Alma Motor Co. v. Timken-Detroit Axle Co., 329 U.S. 129, 136, 67 S.Ct. 231, 91 L.Ed. 128; Rescue Army v. Municipal Court, 331 U.S. 549, 568-575, 67 S.Ct. 1409, 91 L.Ed. 1666.
The rule appears well settled that where a statute provides for an administrative remedy a party is not entitled to injunctive relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51, 58 S.Ct. 459, 82 L.Ed. 638; Macauley v. Waterman S. S. Corp., 327 U.S. 540, 66 S. Ct. 712, 90 L.Ed. 839; Smith v. Duldner, 6 Cir., 175 F.2d 629. The rule is applicable in the present case even though the plaintiffs' constitutional rights are alleged to be violated. Aircraft & Diesel Equipment Corp. v. Hirsch, supra, 331 U.S. 752, 67 S. Ct. 1493; Smith v. Duldner, supra, 6 Cir., 175 F.2d 629, 631. See Dodge v. Osborn, 240 U.S. 118, 36 S.Ct. 275, 60 L.Ed. 557; Bailey v. George, 259 U.S. 16, 20, 42 S.Ct. 419, 66 L.Ed. 816. The constitutionality of the statute under which the property was seized can be made an issue in the condemnation proceedings in the District Court. United States v. Childs, D.C., 43 F.Supp. 776; United States v. One Oldsmobile Sedan, D.C., 75 F.Supp. 83, 85; Anniston Mfg. Co. v. Davis, 301 U.S. 337, 345-346, 57 S.Ct. 816, 81 L.Ed. 1143; State of Oklahoma v. United States Civil Service Commission, 330 U.S. 127, 138-139, 67 S.Ct. 544, 91 L.Ed. 794. Nor is the case removed from the operation of the rule because of any attack on the adequacy and constitutionality of the administrative review provided by the Act, which issues can be decided in the administrative hearing. Arrow Distilleries, Inc., v. Alexander, D.C., 24 F.Supp. 880, 882, affirmed 306 U.S. 615, 59 S.Ct. 489, 83 L.Ed. 1023; Myers v. Bethlehem Shipbuilding Corp., supra, 303 U.S. 41, 49, 58 S.Ct. 459.
Plaintiffs' rights are thus fully protected by the administrative procedure provided by the Act, and they should be required to pursue that remedy instead of seeking injunctive relief through the pending actions. Myers v. Bethlehem Shipbuilding Corp., supra, 303 U.S. 41, 58 S.Ct. 459; Macauley v. Waterman S. S. Corp., 327 U. S. 540, 66 S.Ct. 712, 90 L.Ed. 839.
The motions to dismiss the complaints are sustained. Arrow Distilleries, Inc., v. Alexander, supra, D.C., 24 F.Supp. 880, affirmed 306 U.S. 615, 59 S.Ct. 489, 83 L.Ed. 1023; Aircraft & Diesel Equipment Corp., v. Hirsch, supra, 331 U.S. 752, 67 S.Ct. 1493; Coffman v. Breeze Corporations, supra, 323 U.S. 316, 65 S.Ct. 298; Mine Safety Appliances Co. v. Forrestal, supra, 326 U.S. 371, 694, 66 S.Ct. 219; Kroger Grocery & Baking Co. v. Lutz, supra, 299 U.S. 300, 57 S.Ct. 215; Connor v. Rivers, D.C., 25 F. Supp. 937, affirmed 305 U.S. 576, 59 S.Ct. 359, 83 L.Ed. 363.