Nick **PUTCH** et al.

v.

**UNITED STATES** of America.

No. 16265, W. D. La.,
Shreveport Division.

James W. **HUFFMAN**

v.

**UNITED STATES** of America.

No. 16244, W. D. La.,
Lake Charles Division.

Eddie **DOMINGUE, Jr.,** d/b/a United Service Company

v.

John N. **MITCHELL,** Attorney General of the United States.

No. 16266, W. D. La.,
Lafayette Division.

United States District Court.
Dec. 18, 1970.

---

H. F. Sockrider, Jr., Shreveport, La., for Nick A. Putch, Myrtle H. Singley and Henry A. Breedlove.

John M. Brown, Shreveport, La., for Mrs. A. T. McGuire and William A. Cantanese.

Charles E. Welsh, Bossier City, La., for Aaron Beam.

Donald E. Walter, U. S. Atty., for the United States.

## REASONS FOR JUDGMENT

NAUMAN S. SCOTT, District Judge.

These matters were consolidated for purposes of trial. All plaintiffs sought an injunction against the seizure of certain pinball machines seized by the United States under the provisions of the Gambling Devices Act of 1962, 15 U.S.C.A. §§ 1171–1178, which provides that it shall be unlawful for any person during any calendar year to engage in the business of repairing, reconditioning, buying, selling, leasing, using or making available for use by others any gambling device under specified conditions unless such person has registered with the Attorney General and made certain information available to the Attorney General. Petitioners sought additional relief which it was not necessary to consider. Defendant filed an answer and a Motion to Dismiss predicated in part on the argument that petitioners were not properly before the Court because they had failed to exhaust the administrative remedies provided in the Act. 15 U.S.C. § 1177; 19 U.S.C. §§ 1607, 1608, and 1610.

15 U.S.C. § 1177 provides as follows:

"Any gambling device transported, delivered, shipped, manufactured, reconditioned, repaired, sold, disposed of, received, possessed, or used in violation of the provisions of this chapter shall be seized and forfeited to the United States. All provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of vessels, vehicles, merchandise, and baggage for violation of the customs laws; the disposition of such vessels, vehicles, merchandise, and baggage or the proceeds from the sale thereof; the remission or mitigation of such forfeitures; and the compromise of claims and the award of compensation to informers in respect of such forfeitures shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under the provisions of this chapter, insofar as applicable and not inconsistent with the provisions hereof: Provided, That such duties as are imposed upon the collector of customs or any other person with respect to the seizure and forfeiture of vessels, vehicles, merchandise, and baggage under the customs laws shall be performed with respect to seizures and forfeitures of gambling devices under this chapter by such officers, agents, or other persons as may be authorized or designated for that purpose by the Attorney General."

The procedures by which petitioners may claim the seized property are set out in detail in 19 U.S.C. §§ 1607, 1608 and 1610. There is no allegation or pretense that petitioners have attempted to utilize or have utilized these procedures.

It is well established that petitioners are not entitled to the relief which they seek until they have exhausted their administrative remedies. Morgan v. United States, 107 F.Supp. 501 (W.D. Ky.1952); Rice v. Walls, 213 F.2d 693 (6 Cir. 1954), and Hewitt v. National Surety Corp., 130 F.Supp. 110 (N.D.Ga. 1955). The *Morgan* case, supra, provides as follows:

"The rule appears well settled that where a statute provides for an administrative remedy a party is not entitled to injunctive relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50–51, 58 S.Ct. 459, 82 L.Ed. 638; Macauley v. Waterman S. S. Corp., 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839; Smith v. Duldner, 6 Cir., 175 F.2d 629. The rule is applicable in the present case even though the plaintiffs' constitutional rights are alleged to be violated. Aircraft & Diesel Equipment Corp. v. Hirsch, supra, 331 U.S. 752, 67 S.Ct. 1493 [91 L.Ed. 1796]; Smith v. Duldner, supra, 6 Cir., 175 F.2d 629, 631. See Dodge v. Osborn, 240 U.S. 118, 36 S.Ct. 275, 60 L.Ed. 557; Bailey v. George, 259 U.S. 16, 20, 42 S.Ct. 419, 66 L.Ed. 816. The constitutionality of the statute under which the property was seized can be made an issue in the condemnation proceedings in the District Court. United States v. Childs, D.C., 43 F. Supp. 776; United States v. One Oldsmobile Sedan, D.C., 75 F.Supp. 83, 85; Anniston Mfg. Co. v. Davis, 301 U.S. 337, 345–346, 57 S.Ct. 816, 81 L.Ed. 1143; State of Oklahoma v. United States Civil Service Commission, 330 U.S. 127, 138–139, 67 S.Ct. 544, 91 L.Ed. 794. Nor is the case removed from the operation of the rule because of any attack on the adequacy and constitutionality of the administrative review provided by the Act, which issues can be decided in the administrative hearing. Arrow Distilleries, Inc. v. Alexander, D.C., 24 F.Supp. 880, 882, affirmed 306 U.S. 615, 59 S.Ct. 489, 83 L.Ed. 1023; Myers v. Bethlehem Shipbuilding Corp., supra, 303 U.S. 41, 49, 58 S.Ct. 459 [82 L.Ed. 638].

Plaintiffs' rights are thus fully protected by the administrative procedure provided by the Act, and they should be required to pursue that remedy instead of seeking injunctive relief through the pending actions. Myers v. Bethlehem Shipbuilding Corp., supra, 303 U.S. 41, 58 S.Ct. 459 [82 L.Ed. 638]; Macauley v. Waterman S. S. Corp., 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839."

Petitioners in the *Rice* case, supra, sought restitution to them as owners of slot machines alleged to have been wrongfully seized by agents of the United States under "pretended authority" of the Johnson Act, 15 U.S.C.A. §§ 1171–1177, which is the same Act (as amended in 1962) as is presently before the Court. As in the instant case the petitioners failed to file claims as provided in 15 U.S.C.A. § 1177 and 19 U.S.C.A. § 1607 et seq. All of the grounds of illegality, including the unconstitutionality of the Act, were asserted by the petitioners who charged that the Government Agents, in violation of plaintiffs' constitutional and legal rights and without a search warrant or other legal process, searched the premises of each petitioner and seized the slot machines; that, unless the Marshal was enjoined from doing so, the machines would be destroyed by him to the irreparable damage of the plaintiffs; that the machines were not being used by the owners in violation of the law; that the petitioners were not "dealers" within the purview of the Act and were not included among the persons described in the Act and that the slot machines were neither *mala prohibita* nor *mala in se* under the provisions of the Act. The Court stated:

"Reference was made to the pertinent provisions of the Johnson Act and to Order No. 4173, April 16, 1951, 16 F.R. 3509, and also to the provisions of section 1605 through 1609 of Title

19, U.S.C.A. The three-judge court, through Judge Miller, wrote, 107 F. Supp. 504: 'Under the well settled rule, if the case can be disposed of on the non-constitutional issue without a ruling on the constitutional issue involved, a ruling on the constitutional issue should be avoided.' The following cases were cited for this statement: Spector Motor Service v. McLaughlin, 323 U.S. 101, 105, 65 S.Ct. 152, 89 L.Ed. 101; Alma Motor Co. v. Timken-Detroit Axle Co., 329 U.S. 129, 136, 67 S.Ct. 231, 91 L.Ed. 128; Rescue Army v. Municipal Court, 331 U.S. 549, 568–575, 67 S.Ct. 1409, 91 L.Ed. 1666. The opinion proceeded: 'The rule appears well settled that where a statute provides for an administrative remedy a party is not entitled to injunctive relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. (Citing cases.) The rule is applicable in the present case even though the plaintiffs' constitutional rights are alleged to be violated. (Citing cases.) * * Plaintiffs' rights are thus fully protected by the administrative procedure provided by the Act, and they should be required to pursue that remedy instead of seeking injunctive relief through the pending actions.' Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; and Macauley v. Waterman S. S. Corp., 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839, were cited as authority for the last-stated proposition.

We think the foregoing reasoning is sound and well supported by the decisions."

The *Rice* case, supra, in the opinion of the Court, covers petitioners' claims "like a blanket". This being so, there is no need to consider or discuss petitioners' other contentions.

Accordingly, defendant's Motion to Dismiss is granted.