SOMMERVILLE, APPELLANT, *v.* THE STATE OF OHIO, BUREAU OF
MOTOR VEHICLES, APPELLEE.

(No. 928,390—Decided September 16, 1974.)

Court of Common Pleas of Cuyahoga County.

*Mr. Norman Ryan,* for appellant.
*Mr. Robert Payton,* assistant attorney general, for
appellee.

KILBANE, J.   This cause came on before the court
on a motion to dismiss filed by the appellee, Bureau
of Motor Vehicles, on the ground that the appellant, Robert
A. Sommerville, failed to exhaust his administrative reme-
dies.   This motion is well taken for the following reasons.

On August 14, 1973, appellant, Robert A. Sommerville,
was informed by the Bureau of Motor Vehicles by letter
that under the Ohio Financial Responsibility Act, R. C.
Chapter 4509, his driver's license, license plates and regis-
tration certificate would be suspended if he failed to present
one of the following to the Bureau of Motor Vehicles within
30 days:

(A)  A release from liability, or an agreement to pay, or
(B)  A deposit of $500.00, or
(C)  A request for hearing before the Bureau of

Motor Vehicles within 30 days of mailing of said notice—(8/14/73—9/19/73).

He further was informed that, if he took none of these actions, the bureau would suspend his driver's license and all license plates and registration certificates issued in his name. The appellant took none of these actions required by R. C. Chapter 4509.

On April 12, 1974, the Registrar of Motor Vehicles revoked and suspended (1) the driver's license or chauffeur's license, and (2) all license plates and registration certificates of the appellant, Robert A. Sommerville. Appellant files this action in the Common Pleas Court on the ground that said revocation of appellant's license was unreasonable and unlawful.

This court finds that contention as not being meritorious. This court is limited to a determination of whether the findings of the administrative agency are supported by reliable, substantial and probative evidence and if the order is in accord with law. The court may not entertain the hearing as a trial *de novo*, but must confine itself to a review of the record as certified to it by the agency. *Andrews* v. *Board of Liquor Control* (1955), 164 Ohio St. 275.

The exhaustion of administrative remedies doctrine operates where an administrative agency has the authority to pass on every question raised by a party resorting to judicial relief, and enables the court to withhold its aid until the administrative remedies have been exhausted. In *State, ex rel. Lieux,* v. *Westlake* (1951), 154 Ohio St. 412, 96 N. E. 2d 414, the Supreme Court said at page 417:

"Our conclusion is that an applicant for a building permit whose application is refused because of the provisions of a zoning ordinance, cannot secure a writ of mandamus, compelling the issuance of such permit on the ground that the ordinance as a whole is unconstitutional, without first exhausting administrative remedies provided by such ordinance, if such administrative remedies might enable her to secure such a permit."

See, also, *Smith* v. *Duldner* (C. A. 6, 1949), 175 F. 2d 629, 56 Ohio Law Abs. 12; *Liverpool Steamship Co.* v.

44

*Commrs. of Emigration* (1885), 113 U. S. 33; *Gundling* v. *Chicago* (1900), 177 U. S. 183.

At page 415 of the *Westlake* case, *supra*, the Ohio Supreme Court held that:

".. **\* \* \*** [W]hether it will ever be necessary for this court to consider the constitutionality of this zoning ordinance, in order to determine relator's right to a building permit, cannot be determined until relator has exhausted the administrative remedies provided by the ordinance."

Finally, the appellant having failed to avail himself of the opportunity for a hearing before the Bureau of Motor Vehicles, no records exist other than the bureau's letter to the appellant, the notice of suspension and the complaint. See *McCallister* v. *Curry, Registrar, Bureau of Motor Vehicles*, Civil No. 32624, Eighth Appellate District of Ohio, December 27, 1973.

Since R. C. 119.12 is dependent upon exhaustion of the administrative remedies, *i. e.*, a hearing before the hearing agency as provided under R. C. Chapter 4509, the appellant has failed to lay a proper foundation for such appeal, and, therefore, the court does not have a basis for reviewing the action of the Registrar of the Bureau of Motor Vehicles.

The court finds that the revocation of the appellant's license was not unreasonable and unlawful and therefore grants the appellee's motion to dismiss. Motion of appellee to dismiss is hereby granted, costs to be assessed to the appellant.