**AMALGAMATED MEAT CUTTERS & BUTCHERS WORKMEN OF NORTH AMERICA, LOCAL NO. 207, v. SPRECKELS.**

No. 9681.

Circuit Court of Appeals, Ninth Circuit.
April 11, 1941.

Redmond S. Brennan, of Kansas City, Mo., and W. I. Gilbert, Jr. and Jean Wunderlich, both of Los Angeles, Cal., for appellant.

Robert B. Watts, Gen. Counsel, N. L. R. B., Malcolm F. Halliday, Asst. Gen. Counsel, and A. Norman Somers and Joseph Rosenfarb, Attys., all of Washington, D. C., and William R. Walsh, Regional Atty. N. L. R. B., of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment dismissing with prejudice a complaint for an injunction against appellee to restrain him, inter alia, from issuing, authorizing or publishing any statements interfering with, or tending to interfere with the full and complete performance by the Cudahy Packing Company, (hereafter called Cudahy,) and Local 207, Amalgamated Meat Cutters & Butcher Workmen of North America (hereafter called Amalgamated), and the certain employees of the Cudahy Packing plant at Los Angeles, California, of a certain contract of employment dated November 2, 1939, between Cudahy and Amalgamated, and from doing anything tending to or having the effect of interfering with, obstructing, intimidating, coercing or influencing Cudahy or Amalgamated or the employees of Cudahy Packing plant at Los Angeles, California, embraced within the terms of said contract dated November 2, 1939, from adhering to the terms of said contract, or from the full performance thereof.

Spreckels is sued both as an individual and as Regional Director, 21st Region, of the National Labor Relations Board, but on the appeal it is admitted that none of the acts or threatened acts here relied upon as showing injury is within the powers express or implied of his office of Regional Director—that is to say, the acts relied upon are acts of Spreckels as an individual. Acts obviously without authority do not become "colorably" within that authority simply because so alleged.

Specifically the acts now complained of as injurious are that Amalgamated was by election, conducted by the Board, bargaining agent of the employees of the Cudahy plant and entered into a contract with Cudahy for wages, hours and working conditions, and that "purporting to act as director of said National Labor Relations Board for the 21st Region thereof, but in truth and in fact acting by color of office only, and beyond and in excess of his authority as Regional Director of the said National Labor Relations Board, the defendant himself, and through his agents, did wrongfully intimidate and cause said employer and numerous employees of said plant who were and are members of plaintiff, and embraced within said contract, from the performance of said contract, and from complying with the full obligations and enjoying the full benefits thereof. That the said Walter P. Spreckels, and his agents, notified the parties thereto in substance and effect that said contract was void, * * * by authorizing and encouraging one Harry Bridges, and others who claimed to be affiliated with the labor organization known as the C. I. O., to declare and proclaim to said employees that said contract was void, and that the National Labor Relations Board and defendant Spreckels would select an exclusive bargaining agent to represent and bargain for said employees."

■ Amalgamated admits that no provision of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., is violated and it does not claim that Spreckels acts violated any other United States statute or the Federal Constitution. Since no diversity of citizenship is shown nor the amount of damages threatened, we can find no ground for jurisdiction in the district court. Amalgamated's forum, if any, is in one of the state courts.

Amalgamated relies on Philadelphia Co. v. Stimson, 223 U.S. 605, 32 S.Ct. 340, 56 L.Ed. 570. That suit, however, was commenced in the Supreme Court of the District of Columbia, the official residence of the Secretary of War. That court had jurisdiction of the threatened tort of the defendant that he would act as Secretary of War and request certain prosecutions, claimed not to be warranted, under a federal statute providing (223 U.S. page 619, 32 S.Ct. page 343, 56 L.Ed. 570) that "it shall be the duty of the district attorneys of the United States to vigorously prosecute all offenders against the same *whenever requested to do so by the Secretary of War* or by any of the officials hereinafter designated, and it shall furthermore be the duty of said district attorneys to report to the Attorney General of the United States the action taken by him against offenders so reported, and a transcript of such reports shall be transmitted to the Secretary of War by the Attorney General; * * *." Here there is no threat of Spreckels that he will do without legal warrant anything which the National Labor Relations Act purports to permit him to do. Philadelphia Co. v. Stimson, supra, is not applicable.

Other cases are cited by Amalgamated but its supplemental brief admits all involve either the Federal Constitution or federal statutes conferring jurisdiction in the federal courts in which they were decided.

■ Other allegations of the complaint are to the effect that as Regional Director Spreckels has given notices of a second election to select a collective bargaining agent under Amalgamated's contract and has caused the Board to order such an election to be held at which the C. I. O. union was chosen as the employees' bargaining agent. On information and belief it is alleged that thereafter Spreckels advised and encouraged the C. I. O. to negotiate a new contract. The giving of the notices for election may well have been warranted by proper orders from the Board itself. A mere unsupported information and belief allegation that Spreckels advised the C. I. O. to make a new contract with Cudahy is not sufficient warrant for an injunction, assuming that, if true, it is something within Spreckels' official function which he should not have done, and that we have the power to restrain him.

Affirmed.