KOSTER et al. v. TURCHI et al.

No. 9707.

United States Court of Appeals
Third Circuit.

Argued Dec. 23, 1948.

Decided Feb. 24, 1949.

606

Thomas I. Guerin, of Philadelphia, Pa., for appellants.

Joseph P. Gaffney, of Philadelphia, Pa., and Francis X. Riley, of Washington, D. C. (Ed Dupree, General Counsel, Hugo V. Prucha, Asst. General Counsel, Nathan Siegel and Daniel Davies, Sp. Litigation Attys., all of Washington, D. C., on the brief), for appellees.

Before BIGGS, Chief Judge, and McLAUGHLIN and KALODNER, Circuit Judges.

McLAUGHLIN, Circuit Judge.

This is an appeal from the judgment of the court below which on motion had dismissed the complaint for want of jurisdiction.

Appellants are tenants of the City of Philadelphia as trustee under the will of Stephen Girard, and they occupy houses in the Girard Estate, a tract in Philadelphia owned by the City as such trustee. There are approximately 481 dwelling houses on the tract, and this action was brought not only on behalf of the individual appellants but also as representing about 300 of the other tenants. In May 1942, the Price Administrator entered a general order freezing the rents which the Girard Estate tenants were paying under their respective yearly leases as the maximum legal rents which could be demanded from them by their landlord. On June 6, 1947, the Philadelphia Area Rent Director, Joseph Turchi, upon pe-

tition of the City of Philadelphia, entered orders increasing the maximum rents for all of the dwellings in the Girard tract. The greatest single contested increase was $252 a year. On June 26, 1947 the City notified the Girard Estate tenants that their leases would be terminated on July 31, 1947 and that they would be required to execute leases at the new maximum rentals commencing August 1, 1947. The City has since collected the increased maximum rentals from all tenants.

The complaint alleged that the increases ordered by the Area Director deprived the plaintiffs and the other members of the tenants' association of their money and property without due process of law. The orders, it is asserted, were entered in violation of the Constitution of the United States, the laws of Congress, the regulations of the Office of the Housing Expediter because: plaintiffs and the other tenants had no notices of the landlord's application for increases in rent; they were not furnished with the landlord's evidence or information in support of the increase; they were given no opportunity to object; the increases themselves were not uniform for the same type of dwellings and in many cases were in excess of the amounts asked by the landlord. The complaint prayed for a preliminary injunction directing the Area Rent Administrator to vacate the increase orders; for a restraint against further increases except upon notice and hearing; for a restraint against the landlord's demanding or collecting the increased rents and requiring it to refund any increases it has received; for a final and perpetual injunction along the same lines and for any other necessary equitable relief.

The rent increase orders were issued under the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., and it is not now suggested that they were otherwise than in strict accord with that statute. The Price Control Act expired June 30, 1947 and was succeeded by the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq. Section 840.5 of Rent Procedural Regulation 1, 12 F.R. 5916, under that law gave tenants the right to apply for decrease in maximum rent. Appellants made no attempt to fol-

low that procedure. The Area Rent Director in his brief states that application for decrease under Section 840.5 is still open to appellants and this, he says, if used could result in appellants not being injured at all.

■ Appellants concede that neither the 1942 Price Control Act or the Housing and Rent Act of 1947 provides any basis for their complaint and they do not contend that there is jurisdiction for the suit contained in Section 41(1) of Title 28 of the United States Code Annotated.[1] Even if it were assumed that they present a federal question as required by that section, they do not, in any of their causes of action, assert a claim of over $3,000 exclusive of interest and costs as was also necessary under Section 41(1). Since the increases in the rentals of the appellants are separate causes of action, they cannot be joined in order to produce the necessary sum. Clark v. Paul Gray, Inc., 306 U.S. 583, 589, 59 S.Ct. 744, 83 L.Ed. 1001. Nor is any other norm urged as reason for claiming that the cause of action fits into the jurisdictional amount. Cf. Kelly, Inc., v. Lehigh Nav. Coal Co., 3 Cir., 151 F.2d 743.

■ According to appellants, "This is not an action to recover money or property of definite and certain value, or to enjoin the commission of an act which will result in definite monetary loss." As they put it, the purpose of the suit is to protect them against the wrongful acts of a federal officer. They assert that the federal court should assume jurisdiction "independently of Congressional permission or restriction." That strange idea is advanced without any supporting authority. "All federal courts, other than the Supreme Court, derive their jurisdiction wholly from the exercise of the authority to 'ordain and establish' inferior courts, conferred on Congress by Article III, § 1, of the Constitution."

Lockerty v. Phillips, 319 U.S. 182, 187, 63 S.Ct. 1019, 1022, 87 L.Ed. 1339. Appellants ask the district court first to assume a jurisdiction over the 1942 Price Control Act which it does not possess and then to insert into the Act certain entirely new provisions. As was said in United States v. Goldenberg, 168 U.S. 95, 103, 18 S.Ct. 3, 4, 42 L.Ed. 394, "The courts have no function of legislation, and simply seek to ascertain the will of the legislator." Section 204(d) of the Act, as amended, specifically gave the Emergency Court of Appeals and the Supreme Court, upon review of the Emergency Court, exclusive jurisdiction to restrain enforcement of the Act and in the light of the explicit language of the Constitution and the decisions of the United States Supreme Court it is plain that Congress had the power to do this. Lockerty v. Phillips, supra, 319 U.S. at page 188, 63 S.Ct. at page 1023. It has been repeatedly decided that the district courts have no such jurisdiction. Woods v. Hills, 334 U.S. 210, 68 S.Ct. 992; Woods v. Stone, 333 U.S. 472, 68 S.Ct. 624; Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892; Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834. In the Willingham case, 321 U.S. at pages 519-521, 64 S.Ct. at page 650, the Supreme Court held that there was no necessity for the Act making provision for the type of hearings as urged by appellants where Congress had delegated the whole task of fixing rents to an administrative agency. The court said in that opinion, "* * * the procedure which Congress adopted was selected with the view of eliminating the necessity for 'lengthy and costly trials with concomitant dissipation of the time and energies of all concerned in litigation rather than in the common war effort.' S.Rep. No. 931, 77th Cong. 2d Sess. p. 7." And see Parker v. Fleming,

---

[1] 28 U.S.C.A. § 41(1) in force before September 1, 1948, at the time this cause was instituted, read in part as follows:

"Section 41. The district courts shall have original jurisdiction as follows: (1) * * * First. Of all suits of a civil nature, at common law or in equity, * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different States, or (c) is between citizens of a State and foreign States, citizens, or subjects." [In 1948 Judicial Code, see 28 U.S.C.A. §§ 1331, 1332].

329 U.S. 531, 534, 535, 67 S.Ct. 463, 91 L. Ed. 479.

█ Appellants, though realizing that their action is not within Section 41(1) of Title 28 of the United States Code Annotated, because of the lack of jurisdictional amount or value of their claims, nevertheless rely upon the fact that the suit is against a federal officer in asserting their right to commence the litigation in the federal district court. They say, for example, that their suit is to protect rights given them by Congress from invasion by a federal administrative officer. But they do not point out a single instance where the Rent Director failed to follow both the 1942 and the 1947 statutes. And if the complaint actually did contain specific allegations to that effect it would merely raise a factual issue, i. e., whether the Rent Director had violated the federal statutes by virtue of which he functioned. The meaning of either the Price Control Act or the Housing and Rent Act would not be brought into question. Appellants' quarrel with those two statutes is not as to their meaning; it is simply that they do not go so far as appellants think they should, particularly that they do not include provision for hearing on notice before any increase in rent. So, "[no] genuine and present controversy, not merely a possible or conjectural one"[2] arising under the laws of the United States, would seem to exist. If one did, on the theory that the action is directed against a federal officer concerning his duties as such, that still would not justify the litigation under Section 41(1) because of lack of the jurisdictional amount or value of the matter in controversy. Clark v. Paul Gray, Inc., supra, 306 U.S. at page 590, 59 S.Ct. 744, 83 L.Ed. 1001; Gavica v. Donaugh, 9 Cir., 93 F.2d 173, 175; Amalgamated Meat Cutters, etc. v. Spreckels, 9 Cir., 119 F.2d 64.

█ █ Nor is there any possible question of appellants' civil rights being involved and thus justifying the suit under the Civil Rights section of the Judicial Code, 28 U.S. C.A. § 41(12) [now § 1343] etc. The complaint does not contain the slightest intimation of any conspiracy to interfere with their civil rights as mentioned in Title 8 U.S.C.A. § 47. There has been no "deprivation, under color of any State law * * * of any right * * * secured by the Constitution of the United States or by any Act of Congress * * *." Regarding the Fourteenth Amendment, as Chief Justice Vinson said in Shelley v. Kraemer, 334 U.S. 1, 13, 68 S.Ct. 836, 842, "That Amendment erects no shield against merely private conduct, however discriminatory or wrongful." It might be noted that up to the time of the oral argument of this appeal, which was more than eighteen months after the rent increases, no tenant had left the premises for that reason.

█ Clearly then, there is no jurisdiction in the district court to entertain this action, and that court's dismissal of the complaint was proper. It is also apparent that appellants have failed to exhaust their administrative remedy. Gates v. Woods, 4 Cir., 169 F.2d 440; cf. Lockerty v. Phillips, 319 U.S. 182, 188, 63 S.Ct. 1019, 87 L.Ed. 1339. Recourse to the procedure outlined in Section 840.5 of the Rent Procedural Regulation 1, 12 F.R. 5916, for a tenant applying for decrease in maximum rent would have materially assisted in the orderly disposition of appellants' problems and might well have eliminated this litigation.

The judgment of the District Court will be affirmed.

---

[2] Gully v. First National Bank, 299 U.S. 109, 113, 57 S.Ct. 96, 97, 81 L.Ed. 70.