GARABED TATEWOSIAN *et ux. vs.* JOSEPH U. McLELLAN *et ux.*

MAY 11, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an action of trespass and ejectment which was tried in the superior court and resulted in a directed verdict for the defendants. The case is here on plaintiffs' bill of exceptions containing an exception to that ruling and another to the denial of their motion for a directed verdict.

The facts are undisputed. On November 18, 1947 plaintiffs leased the first-floor tenement at 181 Dudley street in the city of Providence to the defendants for four years at an annual rent of $780 payable in monthly installments of $65. Plaintiffs presented the lease to the federal area rent director in the city of Providence for his inspection

and approval. He informed them that the premises as therein described had been decontrolled by the federal Housing and Rent Act of 1947. On March 15, 1950 the federal area rent director on his own initiative issued an order under the federal Housing and Rent Act of 1949 decreasing the monthly rent to $50 effective as of April 1, 1949 and thereupon formally notified the parties of his action. Plaintiffs ignored the order and continued to demand the stipulated monthly rent which the defendants refused to pay.

On June 5, 1950 plaintiffs brought the instant action against the defendants for nonpayment of rent. Before commencing suit they sent a letter dated May 9, 1950 notifying defendants to quit their tenement on May 13, 1950. There is a provision in the lease which requires the landlord to give the tenant "five days' written notice" of his intention to terminate the lease because "of the breach of any condition or covenant therein." There is a later provision which substantially states that for the breach of any covenant or condition in the lease the landlord may re-enter without notice. These two provisions appear to be inconsistent. However, they may be reconciled, it seems to us, in this manner. In the event of a breach the landlord may invoke either provision but may not claim the benefit of both at the same time. If he elects to give written notice before taking legal steps to re-enter, his notice must conform to the first provision.

The trial justice held the notice defective because it gave defendants only four days to quit and therefore did not conform to the first provision of the lease. However, plaintiffs contend that their letter was not intended as a notice to quit under the lease but was a notice in compliance with a regulation promulgated April 1, 1949 by the federal area rent director, Title 24 C.F.R. (1949 ed.) 1949 supp., §825.6 (b), p. 85, which provides: *"Notice required.* (1) * * * Every such notice shall be given to the tenant at least the following period of time prior to

the date specified therein for the surrender of possession and to the commencement of any action for removal or eviction: (i) Where the ground specified in the notice for such removal or eviction is nonpayment of rent, not less than three days." Regardless of what the plaintiffs now say was their intention we are of the opinion that the defendants were entitled to treat the letter as a defective notice under the lease. Therefore the trial justice did not err in so construing it and especially so since plaintiffs were contending before him that their premises were not under the jurisdiction of the area rent director.

That contention has been advanced here in support of their further point that the trial justice erred in holding that the provision for rent in the lease had lost its validity because they had failed to register it under the Housing and Rent Act of 1949 or to appeal from the director's order fixing the rent at $50 a month. We have had some difficulty in understanding their arguments in support of that point. Apparently they recognize that the leased premises are housing accommodations within the purview of the Housing and Rent Act of 1949. But they seem to believe that since they were decontrolled under the act of 1947 the rent stipulated in their lease at that time could not be altered by the director under a later act of congress, as any such action would be a retrospective act impairing the obligation of contract and taking their property without due process of law.

If we understand plaintiffs' position correctly, they are not in the proper forum. Congress, in exercise of its war power, has placed housing accommodations in certain areas under federal regulation and control. The Housing and Rent Act of 1949 and the regulations promulgated pursuant thereto come within the scope of that power. The determination of the rights and obligations of those affected by such act and regulations has been expressly vested by congress in tribunals especially established for that purpose. A party claiming to be aggrieved thereunder can

obtain redress only by appealing to those tribunals. *Bowles v. Willingham,* 321 U. S. 503; *Woods* v. *Stone,* 333 U. S. 472.

In the case at bar the director construed the Housing and Rent Act of 1949 as amending the act of 1947 so as to recontrol plaintiffs' premises and to require registration in the area rent office. He also construed that act as authorizing him to fix the rent of the leased premises as of April 1, 1949 regardless of the rent stipulated in the lease and of the fact that the lease was entered into by the parties prior to the passage of the act. Whether in those respects he exceeded his jurisdiction may not be determined by this court. Plaintiffs could have had the validity of his order determined by claiming an appeal therefrom in accordance with federal law but instead they elected to ignore it. Since the order fixed the rent at $50 a month and had not been appealed from, the superior court was bound to recognize that amount as the lawful rent and that the rent stipulated in the lease was no longer valid. Hence on the undisputed evidence defendants were not guilty of failing to pay the rent lawfully due from them. Therefore the trial justice did not err in denying plaintiffs' motion for a directed verdict and in directing a verdict for the defendants.

All of the plaintiffs' exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as directed.

*Jeremiah S. Jeremiah,* for plaintiffs.

*Fergus J. McOsker,* for defendants.