ALEJANDRO MEDINA, Plaintiff and Appellant, v. HATO REY REALTY CO., INC., Defendant and Appellee.

No. 10370. Argued April 1, 1951.—Decided June 8, 1951.

*Rodolfo F. Aponte* for appellant. *G. Jiménez Sicardó* for appellee.

MR. ACTING CHIEF JUSTICE TODD, JR., delivered the opinion of the Court.

The question for decision in this appeal is simple, to wit: whether an insular court, ignoring an order issued by the Office of the Housing Expediter under the Federal Housing and Rent Act of 1947, as amended, fixing the maximum rent on a residence, is empowered to dismiss a complaint for triple damages instituted under § 205 of the aforesaid Act, on the ground that, in its judgment, said office lacked jurisdiction to issue the order. These are the findings of fact of the District Court of San Juan, according to the evidence introduced at the hearing, insofar as pertinent to the question involved here: that the plaintiff, Alejandro Medina, leased from the defendant, Hato Rey Realty Co., Inc., in December 1945, certain premises in building No. 17 in Guayama Street, Hato Rey, at a rental of $50 monthly; that in the bond given to secure the payment of the rentals, the plaintiff set forth that the premises would be used for a photographic laboratory;[1] that the premises consisted of a single room and a lavatory; that the plaintiff made several

---

[1] It appears from the document that this was not set forth in the body of the bond, but rather on the margin, beyond the surety's signature.

partitions in the room, using part thereof for the photographic laboratory and the other for living purposes; [2] that on March 11, 1948 the defendant wrote to the plaintiff asking him to vacate the premises as they were in need of repairs; that on March 15, 1948 the plaintiff applied to the Insular Rent Control Administration for a decrease in the rental on the ground that the same was excessive and unreasonable, stating that they were business premises; that after an investigation, said agency found that the premises were being used for commercial and dwelling purposes and since on said date that office did not interfere with premises used for dwelling purposes, the case was removed to the Federal Office of the Housing Expediter in Puerto Rico. This agency, also after an investigation, reached the conclusion that there was no separability between the use for commercial purposes and the use for dwelling purposes existing in the property rented and that since the use for dwelling purposes predominated, the rent should be reduced to $30 per month, [3] and to that effect, on May 10, 1948, it notified the parties that it had decreased said rent from $50 to $30 per month, effective from July 1, 1947; [4] that the defendant refused at all times

---

[2] The evidence showed, even though the court did not make any conclusion to that effect, that defendant's President and Manager, Mr. Francisco Grovas, knew that plaintiff had devoted part of the premises as living quarters for his family.

[3] In view of this decision, the Insular Office of Rent Control considered the case closed with respect to the petition addressed to it by the plaintiff.

[4] The order recites:

"The Rent Director, after consideration of all the evidence in this matter, has determined that the Maximum Rent for the above-described housing accommodations should be decreased on the grounds stated in Section (s) 5–c–1 of the Rent Regulation, and further for the reason (s) stated in Section (s) 4–c of the Rent Regulation, the Maximum Rent so decreased and determined by this Order shall be effective from July 1, 1947.

"Therefore, it is ordered that the Maximum Rent for the above-described accommodations be, and it hereby is, decreased from $50 per month, to $30 per month, effective from July 1, 1947. No rent in excess of $30 (maximum rent established by this order) may be received or demanded.

"Any rent collected from the effective date of this Order in excess

to register in the Office of the Housing Expediter the premises occupied by the plaintiff on the ground that it had never leased them for dwelling purposes; that although the plaintiff used the premises, leased for commercial purposes, also as a dwelling for himself and his family, he did that on his own account and without defendant's consent.[5]

Pursuant to these facts the court *a quo* arrived at the conclusion of law that, since the defendant had leased the premises for commercial purposes, neither § 204(*b*) of the Federal Housing and Rent Act of 1947, as amended, which prohibits the demanding, accepting, or receiving of any rents greater than the maximum rent for the use or occupancy of "any controlled housing accommodations," [6] nor the regulations issued by the Housing Expediter by virtue of said Act, were applicable to the instant case and consequently that the defendant did not have to exhaust the administrative remedies afforded by said regulations to challenge the order issued by the Housing Expediter. It decided further as follows:

"In our judgment, the administrative remedies established in the regulations to review such orders issued by the Office of the Housing Expediter must be exhausted where said orders refer to properties subject to the control of the aforesaid Federal Agency. In other words, we think that when the

---

of the amount provided in this Order shall be refunded to the tenant within 30 days from the date this Order is issued unless the refund is stayed in accordance with the provisions of Section 1300.209 or 1300.217 of Revised Procedural Regulation No. 3.

"This Order is now in effect and will remain in effect until changed by the Office of Rent Control."

[5] See footnote 2.

[6] Section 202(*b*) of said Act defines the term "housing accommodations" as follows:

"The term 'housing accommodations' means any building, structure, or part thereof, or land appurtenant thereto, or any other real or personal property rented or offered for rent for living or dwelling purposes (including houses, apartments, rooming-or boarding-house accommodations, and other properties used for living or dwelling purposes) together with all privileges, services, furnishings, furniture, and facilities connected with the use or occupancy of such property."

Housing Expediter issues an order in connection with a property *which is not contemplated by the provisions of the Federal Housing and Rent Act, the person affected thereby is not bound to exhaust those administrative remedies simply because it is not within its authority to fix the maximum rent to a property which has not been rented or offered for rent for dwelling purposes.*

". . . . . . . . . . .

"In order that plaintiff's action may prosper under § 205 of 'The Housing and Rent Act of 1947, as Amended' it must prove that the defendant charged him rents in excess of those which he could legally charge him, *and we can not say that the rents charged by the defendant are illegal even in view of the order of the Housing Expediter reducing them, because the rented premises were not under his control, inasmuch as they do not fall within the definition of 'housing accommodations.'* " (Italics ours.)

The appellant assigns in this appeal as the only error that which he believes the lower court committed in dismissing the complaint on the preceding grounds. In our judgment he is correct.

 It is not incumbent on insular courts to decide whether an order issued by the Office of the Housing Expediter under the authority of the Federal Housing and Rent Act when the latter was applicable to dwellings in Puerto Rico, was entered with or without jurisdiction over premises rented, according to defendant's contention, for commercial purposes when said agency determined that they were also being used for dwelling purposes and the latter predominated. The case law is unanimous to the effect that the proceedings established and the administrative remedies afforded by the Federal Housing and Rent Act and by the Regulations adopted by the Housing Expediter are of an exclusive nature and must be complied with and exhausted. *Bowles* v. *Willingham*, 321 U. S. 503; *Macauley* v. *Waterman S. S. Corp.*, 327 U. S. 540; *Myers* v. *Bethlehem Corp.*, 303 U. S. 41; *Yakus* v. *United States*, 321 U. S. 414; *Bourjois, Inc.* v. *Chapman*, 301 U. S. 183; *Independent Warehouses* v.

*Scheele,* 331 U. S. 70; *Gates* v. *Woods,* 169 F. 2d 440 (C. A. 4, 1948); *Bowles* v. *Meyers,* 149 F. 2d 440 (C. A. 4, 1945); *Abbet Holding Corporation* v. *Woods,* 167 F. 2d 427 (U. S. Em. C. A., 1948); *Smith* v. *Duldner,* 175 F. 2d 629 (C. A. 6, 1949); *Woods* v. *McCord,* 175 F. 2d 919 (C. A. 9, 1949); *Babcock* v. *Koepke,* 175 F. 2d 923 (C. A. 9, 1949); *Koster* v. *Turchi,* 173 F. 2d 605 (C. A. 3, 1949); Annotations in 10 A.L.R. 2d 249, 284.

We shall not stop to summarize the facts and conclusions reached in these cases.[7] All of them applied the well-known rule that when a statute or regulation provides an administrative remedy to review the action of a public officer, courts will not interfere until said administrative remedy has been exhausted. In the case at bar it is an admitted fact that the defendant refused to avail itself of the remedies afforded by the Regulations of the Housing Expediter and the Federal Housing and Rent Act to review the order decreasing the rent on the theory that it never leased the premises for dwelling purposes. Should this be accepted as a valid premise, it would be left at the mercy of the lessor to say that due to the fact that he had rented certain premises for commercial purposes, if the facts later prove to the satisfaction of the governmental agency with jurisdiction to determine it, that the premises were being used for dwelling purposes, the lessor's statement must prevail in court without the latter having challenged in the proper administrative or judicial forum the conclusion reached by the governmental agency. Such contention is untenable.

■ In the order issued by the Office of the Housing Expediter on May 10, 1948 the defendant was apprised that it should refund to the plaintiff any rents collected in excess of the $30 provided in the order "within 30 days from the date this Order is issued unless the refund is stayed in

---

[7] The cases cited by the lower court and by the appellee are clearly distinguishable. The question raised in the instant case was not involved in any of them.

accordance with the provisions of Section 1300.209 or 1300.217 of Revised Procedural Regulation No. 3" and that said order "will remain in effect until changed by the Office of Rent Control." The defendant not having complied with said order within the term granted and having failed to avail itself of the administrative remedy provided in the same order to suspend its effects, the plaintiff was entitled to judicially claim triple damages for the rents paid in excess from July 1947, on which date the order of May 10, 1948 was made effective, until April 1948, both inclusive, that is, 10 months at the rate of $20 equals $200, multiplied by three, the total is $600.

The judgment appealed from will be reversed and another rendered ordering the defendant, Hato Rey Realty Co., Inc., to pay to the plaintiff, Alejandro Medina, the sum of $600 plus legal interest from the filing of the complaint, with costs and $100 as attorney's fees.[8]

---

[8] Pursuant to § 205 of the Federal Housing and Rent Act, attorney's fees are mandatory, the reasonable amount thereof being left to judicial discretion.