WALDINA VÉLEZ DE BUIL, assisted by her husband ALFREDO BUIL, Plaintiffs and Appellants, *v.* LÓPEZ DE LA ROSA HNOS., INC., Defendant and Appellee.

No. 10851.   Argued May 8, 1953.—Decided July 22, 1953.

*Francisco Vizcarrondo Morell* for appellants.   *Celestino Iriarte* and *F. Fernández Cuyar* for appellee.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

The Superior Court of Puerto Rico, San Juan Part, decided this case on the pleadings of the parties, as agreed. From those allegations it appears that on December 19, 1950 both parties executed a lease as to part of a building located at San Francisco Street of San Juan, at an agreed rent of $20 daily.   Subsequently, the parties agreed to reduce the rent, first to $15 and then to $12.50 daily, as of April, 1951. On July 19, 1952 the plaintiffs-lessees requested the Rent Administrator, under our Reasonable Rents Act, to investigate the matter for the proper purposes.   On August 17, 1951 the Administrator issued an order as follows:

"The Administrator determines that the maximum rent of these premises, pursuant to § 5($c$) (1) of the Rent Regulation for Business Premises and § 16 of the Reasonable Rents Act, as amended, is $103 per month.   This rent is effective as of the date when the tenant occupied the premises and includes all the services actually furnished by the landlord."

Subsequently, the plaintiffs-appellants filed a complaint in the San Juan Section of the former District Court of Puerto Rico, requesting that the defendants-appellees be ordered to pay to the plaintiffs an amount equivalent to the difference between the sum of all the rents paid to the defendant from December 19, 1950, the date when the original lease was issued, until June 23, 1951, and the sum of the rents which should have been computed on the basis of the Administrator's order, to wit, $103 monthly, and requesting that the difference be multiplied by three, pursuant to the alleged right to treble damages as provided in the Reasonable Rents Act.   The trial court rendered judgment dismissing the complaint and the plaintiffs have appealed to this Court.

The question involved in the instant case refers to the alleged right to treble damages between the afore-mentioned dates, under the provisions of the aforesaid Act and under the above-copied order of the Administrator.

██ ██  The first problem before us is whether or not the above-copied order of the Administrator constitutes an order of reimbursement of rent paid in excess, which order is a previous requirement to the institution of an action such as the present one for treble damages, as provided by § 8 of the Reasonable Rents Act (Act No. 464 of April 25, 1946—Sess. Laws, p. 1326—as amended by Act No. 421 of May 14, 1947 —Sess. Laws, p. 850.)[1]

Whether or not a rent reduction order is equivalent to a reimbursement order is a question to be decided pursuant to the reasonable construction given to the order, according to the peculiar circumstances of each case.  In the case at

---

[1] The aforesaid § 8 provides as follows:

"(a) The landlord who charges or receives from his tenant an amount in excess of the maximum rent fixed by the Administrator, shall return said excess to his tenant within thirty (30) days following the request therefor in writing made of him by the tenant or the Administrator.

"(b) In those cases where the Administrator reduces the rent, including reimbursement to the tenant, the landlord shall make such reimbursement within the thirty days following the date of the order for reimbursement.

"(c) Reimbursement need not be made within the term prescribed in subsections (a) and (b) if within said term the parties agree, or if in lieu thereof and on petition of any of the parties, the Administrator authorizes, that reimbursement be made in the form of future partial payments.  In those cases where the tenant continues in possession of the premises, said partial payments may be deducted from the immediate future rent.

"(d) If the thirty (30) days mentioned in subsections (a) and (b) elapse, without the landlord making reimbursement, or without the parties making the agreement mentioned in subsection (c), the tenant may file an action against the landlord for three times the sum of the reimbursement, or for fifty (50) dollars, whichever is larger, plus the costs and attorney's fees of the plaintiff.  For the purposes of the right to file an action for a minimum of fifty (50) dollars, all existing reimbursement owing to the tenant at the time of filing the complaint shall be considered a single cause of action, and the right to sue for a minimum of fifty (50) dollars for each overcharge subject to reimbursement, shall not be recognized."

bar, the order did not expressly and literally state that the landlord should reimburse retroactively the rents paid in excess to the tenant. But there is nothing in the statute requiring that the reimbursement order be express and literal. In the order before us it is stated that the rent fixed "is effective as of the date when the tenant occupied the premises." From a realistic point of view, it implies a determination to the effect that the landlord is responsible to the tenant for the excess paid for rent as of the date when the tenant occupied the premises. The effectiveness of the readjustment is retroactive to that date. The readjustment may only acquire concrete effectiveness through the reimbursement of the excess, that is, the effectiveness is measured by the reimbursement. If we were not to construe the administrative determination as a reimbursement order, the provision to the effect that the rent is effective as of the date when the tenant occupied the premises would be academic and useless. We can not presume that the expression contained in the order has a mere abstract meaning, and that the administrative intention was that the order should operate in a vacuum, without actual consequences.

The cases cited by the appellant, to the effect that, under specific circumstances, a rent reduction order is not equivalent to a reimbursement order, are not controlling as to the case at bar. The scope and extent of an order depends, in each specific case, on the language used and the realities involved in each particular situation. For example, in the case of *Co-Efficient Foundation* v. *Woods*, 171 F. 2d 691, 695, it was held that the rent reduction order involved there could not be construed as an implied order to make a refund to the tenant. But it was stated that the reduction order could be occasioned by fire or changed conditions in the accommodations furnished, not preceded by any illegal overcharge. In the case at bar the reduction was obviously due to the overcharge of rent.

■ The defendant alleges that under § 6 of the Reasonable Rents Act (Act No. 464 of April 25, 1946) the tenant shall not be entitled to any reimbursement for any payment made in excess of the reasonable rent prior to the date when the Administrator issues an order. That Section provides, in part, as follows:

"In cases where the Administrator adjusts the rent which was being paid prior to the date of the taking effect of this Act or issues a final order on any rent, fixing in lieu thereof the reasonable rent as herein determined, the tenant shall be required to pay only the basic rent or the reasonable rent fixed for the purpose, but he shall not be entitled to any reimbursement or claim for the payment made in excess of the reasonable rent prior to the date on which the latter may be fixed, except in those cases where by express provision of this Act the rent automatically adjusts to the amount prevailing on October 1, 1942, and except in such cases where the Administrator issues a temporary order increasing or fixing the maximum rent until the case is finally decided; *Provided*, That the rent so increased or fixed shall be subject to reimbursement to the tenant as to the amount in excess of the maximum rent that may be fixed by the final order."

The defendant alleges that this case is not an exception, that is, that this is not a case in which by an express provision of law the rent was adjusted to the amount prevailing on October 1, 1942, and that this is not a case in which plaintiffs' claim refers to amounts paid in excess after the issuance of a temporary order to the effect indicated in the aforecopied Section, the defendant alleging, therefore, that a retroactive order would not be justified in this case on the basis of § 6, and that it would be contrary to law. We have already indicated that the order in question should be construed retroactively. However, we need not consider whether that order is contrary to § 6, or whether it is not justified by that statutory provision, since the defendant has no standing, and is not in an adequate juridical position, to attack collaterally the retroactive validity of the order in

this specific proceeding of the case at bar. It does not appear from the record that the defendants have requested the review of the order in question before the San Juan Section of the former District Court of Puerto Rico, now San Juan Section of the Superior Court of Puerto Rico. That court had and has exclusive jurisdiction to determine the validity of an order or determination of the Administrator. Section 7 of the Reasonable Rents Act provides as follows:

"Any rule, regulation, order, or determination of the Administrator shall be reviewable by the District Court of San Juan through the proper writ of review which the prejudiced party may file within the ten (10) days following the date on which said rule, regulation, order, or determination was promulgated; *Provided, however,* That if the writ has for its sole purpose the reviewing of an order or determination increasing or reducing the lease rental, such writ may be filed in the district court of the district where the property concerned is located, which courts are hereby vested with jurisdiction to take cognizance of such writs of review.

"Exclusive jurisdiction is hereby conferred upon the District Court of San Juan to determine the validity of any rule, regulation, order or determination of the Administrator.

"The filing of the writ of review to which this section refers, shall not stay the effects of the rule, regulation, order, or determination of the Administrator.

"The Supreme Court of Puerto Rico may, in its discretion, review through certiorari the decisions or judgments rendered by district courts in the writs of review to which this Section refers."

Since the defendants did not exhaust or avail themselves of the remedy provided by § 7, they cannot attack collaterally the validity of the order in an independent proceeding such as the case at bar. The general rule of administrative law, which we ratify, is the one set forth in *Commissioner of Labor* v. *Llamas*, 73 P.R.R. 847, 872; *Caguas Bus Line* v. *Commissioner of Labor*, 73 P.R.R. 690 and *Commissioner of Labor* v. *South P. R. Sugar Co.*, 73 P.R.R. 151, affirmed in 203 F. 2d 275. Although those cases refer to decrees con-

cerning wages, the rule laid down therein is applicable to the case at bar, and coincides with the provision of § 7. For example, in *Commissioner of Labor* v. *Llamas, supra,* the following is stated:

"We must point out that if an administrative decision as the decree involved herein, affects or is applicable to an employer, the latter must follow the procedure established by law to obtain a judicial review of that administrative decision. That remedy of judicial review as to the validity and scope of the order or administrative decree is in such a way exclusive that in failure to follow said proceeding of review the employer is barred from protesting or challenging the decree in an independent action against the employer to render said order or decree effective. *Yakus* v. *United States,* 321 U. S. 414, 427, 433, 434; *Lockerty* v. *Phillips,* 319 U. S. 182; *Bowles* v. *Willingham, supra,* at page 516. Specifically referring to wage orders, in *Walling* v. *Cohen, supra,* it is held that the defendants did not request the court to review the wage order and that therefore, they are not in a position to question the competency of said order in another suit to restrain the violations thereof. In this last case the administrator did not notify defendants that they were subject to the orders and that there was still time to seek a judicial review. Therefore, this last case has no direct bearing on the present case. However, the general ruling set forth in *Yakus* v. *United States, supra,* and *Bowles* v. *Willingham, supra,* is in point. See also *Caguas Bus Line Inc.* v. *Commissioner of Labor, ante,* p. 690 and *Commissioner of Labor* v. *South Porto Rico Sugar Co., ante,* p. 151."

Upon referring to the Federal Housing and Rent Act, we stated the following in *Medina* v. *Hato Rey Realty Co.,* 72 P.R.R. 595, 599, 600:

"It is not incumbent on insular courts to decide whether an order issued by the Office of the Housing Expediter under the authority of the Federal Housing and Rent Act when the latter was applicable to dwellings in Puerto Rico, was entered with or without jurisdiction over premises rented, according to defendant's contention, for commercial purposes when said agency determined that they were also being used for dwelling purposes and the latter predominated. The case law is unanimous to the effect that the proceedings established and

the administrative remedies afforded by the Federal Housing and Rent Act and by the Regulations adopted by the Housing Expediter are of an exclusive nature and must be complied with and exhausted. *Bowles* v. *Willingham,* 321 U. S. 503; *Macauley* v. *Waterman S. S. Corp.,* 327 U. S. 540; *Myers* v. *Bethlehem Corp.,* 303 U. S. 41; *Yakus* v. *United States,* 321 U. S. 414; *Bourjois, Inc.* v. *Chapman,* 301 U. S. 183; *Independent Warehouses* v. *Scheele,* 331 U. S. 70; *Gates* v. *Woods,* 169 F. 2d 440 (C. A. 4, 1948); *Bowles* v. *Myers,* 149 F. 2d 440 (C. A. 4, 1945); *Abbet Holding Corporation* v. *Woods,* 167 F. 2d 427 (U. S. Em. C. A., 1948); *Smith* v. *Duldner,* 175 F. 2d 629 (C. A. 6, 1949; *Woods* v. *McCord,* 175 F. 2d 919 (C. A. 9, 1949); *Babcock* v. *Koepke,* 175 F. 2d 923 (C. A. 9, 1949); *Koster* v. *Turchi,* 173 F. 2d 605 (C. A. 3, 1949); Annotations in 10 A.L.R. 2d 249, 284.

"We shall not stop to summarize the facts and conclusions reached in these cases. All of them applied the well-known rule that when a statute or regulation provides an administrative remedy to review the action of a public officer, courts will not interfere until said administrative remedy has been exhausted. In the case at bar, it is an admitted fact that the defendant refused to avail itself of the remedies afforded by the Regulations of the Housing Expediter and the Federal Housing and Rent Act to review the order decreasing the rent on the theory that it never leased the premises for dwelling purposes. Should this be accepted as a valid premise, it would be left at the mercy of the lessor to say that due to the fact that he had rented certain premises for commercial purposes, if the facts later prove to the satisfaction of the governmental agency with jurisdiction to determine it, that the premises were being used for dwelling purposes, the lessor's statement must prevail in court without the latter having challenged in the proper administrative or judicial forum the conclusion reached by the governmental agency. Such contention is untenable."

In *Woods* v. *Stone,* 333 U. S. 472, the Supreme Court of the United States stated the following as to a rent reimbursement order:

"No question is raised, and none could have been raised in this proceeding, as to the validity of the relevant regulations and the refund order, either on the ground of retroactivity or

.otherwise, because any challenge to the validity of either would have to go to the Emergency Court of Appeals."

In the recent case of *Tatewosian* v. *McLellan*, (1951) 80 A. 2d 879, it is held that if the landlord has not followed the statutory proceeding to request the review of a rent reduction order, the order should be considered as valid in an action to recover the rent paid in excess.

For the foregoing reasons, the complaint should be sustained as to the amounts claimed for treble damages with respect to the rents paid in excess, pursuant to the Administrator's order, that is, retroactively to the date when the tenants began to occupy the premises. Therefore, the judgment appealed from will be reversed and the case remanded to the trial court for judgment to be rendered sustaining the complaint, and any other pronouncement not inconsistent with this opinion.

Mr. Justice Pérez Pimentel did not participate herein.

## ORDER

### December 21, 1953

By virtue of the motions for reconsideration and modification of judgment filed by the defendants-appellees, and considering that the pleadings of the parties raise controversies as to some facts which have not yet been decided, the opinion and judgment rendered in the instant case is modified, striking the pronouncements to the effect that judgment be rendered sustaining the complaint.

By virtue thereof, a modified judgment will be rendered reversing the judgment appealed from and remanding the case to the Superior Court of Puerto Rico, San Juan Part, for further proceedings not inconsistent with the aforesaid opinion.

It was agreed by the Court as witness the signature of the Chief Justice. Mr. Justice Pérez Pimentel did not participate herein.